---

## NEWTON VS. ALLIS.

A party appealing from a judgment rendered in his favor cannot have the same reversed, on account of an error, which if not corrected, operates to his own advantage

Where a party appeals from a judgment rendered in his favor, in order to obtain a reversal thereof, it must appear that he was deprived of some right, by an error of the court, but if he has lost it by his own neglect, the judgment will not be reversed.

Where the verdict of a jury gives a party damages only for a portion of the time for which he is entitled thereto, and the omission to give damages for the entire period is not in consequence of any erroneous instruction of the court, but is an omission on the part of the jury; his remedy is to move, either for a new trial or that the jury be directed to amend and complete their verdict, and if he omits to do this, but procures judgment to be entered thereon, he will be deemed to have waived the defect, and such judgment will not be reversed on account of such omission upon *his* appeal therefrom.

Where a verdict in an action under the "mill dam act," finds the damages the plain-

tiff has sustained up to *the time of the commencement of the action* at a specified sum, and the *annual* damages which he would sustain thereafter at a certain other sum. *Held,* that the verdict was substantially a finding of the damages which the plaintiff had sustained up to *the time of the trial,* as the damages sustained during the pendency of the action, could be made certain by computation, based on the amount fixed as annual damages.

Where such verdict was rendered, and it appeared from computation that the damages recovered by the plaintiff did not exceed the amount tendered by the defendant, the defendant is entitled to recover costs against the plaintiff from the time of putting in his answer.

Where the law authorizes a tender to be made by paying money into court, the court will inform itself whether the money has been paid in, and need not submit that question to the jury.

APPEAL from the Circuit Court for *Fond du Lac* County. The case is stated in the opinion of the court.

*E. S. Bragg,* for appellant:

1. The judgment is bad in form, because it determines the plaintiff's right of recovery, and limits it, as to time, to the commencement of the action, in violation of sec. 15, chap. 56, R. S., which requires the damages to be assessed up to the trial. It is bad in substance, because by the limit as to the time for which damages were assessed, the verdict is so reduced that the plaintiff might, and under most circumstances, would lose the costs of the litigation. Six months damages, accruing between Aug. 20, 1861, and the date of the verdict, become and are entirely lost to the plaintiff, and upon a new suit for subsequent damages there is no way in which those damages can be reached. 2. The judgment should be reversed, because it is for a less amount than is admitted to be due by the tender set out in the defendant's answer. 3. The plaintiff on the whole record was entitled to judgment for costs. Sec. 29, ch. 56, R. S. " Bringing money into court, and there tendering to the plaintiff an amount to satisfy his claim," is essential, to give the defendant a right to costs. The jury have found a special verdict, but have not found the facts necessary to give the defendant a right to costs. The question of tender should have been submitted to, and found by the jury. After paying money into court upon a plea of tender the defendant can nev-

er take it out, but the plaintiff may, whether he confess or de-
ny the tender. 3 Black. Com., 303 and 304, and notes; 1
Burr Prac., 407 ; Graham's Prac., 541 ; 3 Cowen, 336; 1
Wend., 191 ; 1 Term., 710 ; 1 Burr Prac., 383, 408; Graham's
Prac., 537, 534; 2 Arch. Prac., 203 ; 1 Tidd., 627. 4. So
much of the mill dam act as provides for a tender should be
construed as nugatory and inoperative.

*J. M. Gillett*, for respondent.

*By the Court*, PAINE, J. This suit was brought under the
"mill dam law," to recover compensation for flowing the plain-
tiff's lands. The defendant brought into court and tendered
$250.00 as damages already accrued, and offered to pay $50.00
as an annual compensation thereafter, as he was allowed to do
by section 37, chap. 56, R. S.

The plaintiff did not accept of these sums, but proceeded to
trial. The verdict fixed the damages for the three years pre-
ceding the 21st day of August, 1860, at $200 ; the annual com-
pensation for damages to accrue thereafter at $50 ; and the
gross amount of damages for the perpetual use of the dam at
$500.

Upon this verdict a judgment was rendered for the plaintiff,
that he recover the said $200 past damages, the said $50 as
annual compensation, and the said $500 as gross damages.
As a matter of form, the judgment should have been in the
alternative, respecting the two last items, as the plaintiff was
not entitled to both of them, but only to one or the other as
he might elect under section 18. But this would be corrrect-
ed by the court below, on motion, if such correction is neces-
sary, or perhaps the judgment as it now is, should be constru-
ed as subject to the election of the plaintiff to accept the one
sum or the other. But it is very certain that the plaintiff can-
not complain of it in this respect, even if construed literally.
The defendant had judgment for costs, upon the ground that
the verdict had not increased the damages beyond the amounts

he had tendered and offered to pay.    Upon this judgment the plaintiff has sued out a writ of error.

One ground of error relied on is, that the verdict does not assess the damages from the time of commencing the suit down to the time of trial, but only for the three years preceding the commencement of the suit.    This was a defect in point of form, as section 15 requires the damages to be assessed down to the time of rendering the verdict.    But it seems to be more a defect of form than of substance, for the verdict having assessed the damages for the three years previous to the 21st day of August, 1860, that being the day when the suit was commenced, proceeded to assess the annual compensation after that time at fifty dollars.    The record does not show when the trial took place, but it would not be going far to say, that the verdict did sufficiently show what the jury thought to be proper damages, for the time between the commencement of the suit and the rendering of the verdict.    For that is certain which is capable of being rendered certain; and the verdict having fixed the annual damage, the amount for the time between commencing the suit and its rendition, could from that, be very readily ascertained.

But, even if this were not so, it would be no ground of reversal.    For although a party may sometimes reverse a judgment in his own favor, when it does not give him all that he is entitled to, yet it must appear that he was deprived of his full right by some error of the court, and not by his own neglect.    And where a verdict, as in this case, gives a plaintiff damages for only a portion of the time for which he is entitled, and this is not in consequence of any erroneous instruction by the court, but of a mere omission, his remedy is not to enter a judgment on such verdict, and then reverse it on error, but to move, either for a new trial, or that the jury be directed to amend and complete their verdict.    And if he goes on and enters judgment in his own favor for such sum as the verdict does find, he is not in a position to reverse it because the rest

was not·included. A judgment in a party's favor is presumed to be entered at his request, and he should not be allowed to reverse it unless it was in fact, a denial of his right to something further to which he was entitled. And this is not the case where the attention of the court was not called to the matter at all, but the defect arose from a mere oversight.

Nor was there any error in allowing the defendant costs. The amount of past damages found by the verdict did not ·equal the sum paid into court as such damages, and the amount found as annual compensation did not exceed the amount offered for that. The defendant was therefore entitled to costs after tender, by virtue of sec. 39, ch. 56, R.S., unless it is to be assumed that by reason of the defect in the verdict already alluded to, it remained uncertain whether the amount of past damages, if assessed down to the rendition of the verdict would not have exceeded the amount paid in. But if correct in what we have already said, it appears that no such uncertainty existed. For although the record does not show, when the verdict was rendered, yet the judgment was entered at the February term, 1861, and the suit was commenced in August, 1860. Now we have already intimated, that the verdict does find what the jury considered the proper annual damages after the time to which the damages were assessed by the verdict, and that this might be regarded as a substantial finding of the proper amount for any given portion of a year. But even if the $50, annual compensation, should be held inapplicable to that part of the time between the commencement of the suit and the verdict; and the ratio by which the damages were assessed before commencing suit, which was a little higher, should be applied to it, the result is the same. That ratio allowed an annual damage of sixty-six and two-thirds dollars for the three years preceding the suit. But the time between the commencement of the suit and the rendition of the verdict, could not have exceeded half of a year, and the amount tendered exceeded the amount found by fifty dollars. The verdict, therefore, shows

positively that the damages down to its rendition would have been less than the amount paid into the court. The defendant therefore, was entitled to costs.

And it was not necessary that the court should submit it as a question of fact to the jury, whether the money had been paid into court or not. The statute authorizing the tender to be made in that way, the court will inform itself whether it has been paid in, without asking the aid of a jury.

The judgment is affirmed, with costs.