HOFFMAN vs. VAN DIEMEN and husband.

*November 10, 1884 — March 3, 1885.*

*Foreclosure of mortgage: Tender: Evidence.*

Upon the evidence in this case it is *held*, notwithstanding a finding of the trial court to the contrary, that there was a sufficient tender of the amount due on a note and mortgage, kept good by a deposit of the money with the clerk of the court, and that plaintiff was not entitled to a judgment of foreclosure of such mortgage. But the evidence is *held* sufficient to support a finding that a second note and mortgage had not been paid and that satisfaction of the mortgage had been entered by mistake.

APPEAL from the County Court of *Milwaukee* County. The case is sufficiently stated in the opinion. The defendants appealed from a judgment in favor of the plaintiff, for the foreclosure of both mortgages in suit.

For the appellants there was a brief by *Small & Ladue,* and oral argument by *Mr. Small.*

*E. P. Smith,* for the respondent.

The following opinion was filed November 25, 1884:

ORTON, J. The action was for the foreclosure of two mortgages: one for $1,000, dated June 8, 1877, and one for

$200, dated November 3, 1879, to secure notes for that amount, given by the defendant *Rosa Perlaynzski,* now *Rosa Van Diemen,* to Nicholas Hoffman, and which were assigned to the plaintiff, *Catharine Hoffman.* On the first mortgage there had been paid the sum of $300 as part of the principal. The answer put in issue the title of the plaintiff to the mortgages, and as to the first-mentioned mortgage it sets up a tender of the whole amount on the 10th of June, 1882, to Messrs. Pereles & Sons, who then held the same for the owner thereof, and also to the then owner thereof, and the answer further sets up the payment and satisfaction of record of the second-mentioned mortgage when it belonged to the said Nicholas Hoffman, since deceased. As to such satisfaction of record, it is alleged in the complaint that the same was entered by mistake of fact, accident, or inadvertence, and without any consideration by the payment thereof. This is the substance of the complaint and answer, and presents the three issues of fact: (1) Whether the plaintiff is the lawful owner and holder of the mortgages; (2) Whether a legal tender of the first mortgage was made; and (3) Whether the second mortgage was paid and a satisfaction thereof entered by mistake of fact.

The county court found that the plaintiff was the owner and holder of the mortgages, and that no sufficient tender had been made of the sum due on the first mortgage, and that the second mortgage had not been paid, and that the satisfaction thereof entered of record was so entered by a mistake of fact. These are all the findings material to the case, and, by proper exceptions, these three questions of fact are presented to this court.

As to the first, the evidence was amply sufficient to sustain the finding. As to the second, we think the county court erred in finding that no sufficient tender had been made. The testimony of Mr. Zettler was that he went to the law-office of Pereles & Sons on the 8th day of June,

1882, and there met Mr. T. J. Pereles, one of the firm, and told him he wanted to pay off the $1,000 mortgage of *Mrs. Van Diemen*, and that Pereles said he would not take the money in full for the $1,000 mortgage unless he would pay the $200 one besides. He testified, also, that he then had the money with him to pay all that was due on the $1,000 mortgage, and that he soon went there again and offered Mr. Pereles $700 as principal and $57 as interest and $1 for a discharge of the mortgage; that he showed him the money and held it in his hand, and that he refused to take it, saying that the mortgage had been assigned and they had nothing to do with it, and when asked to whom it had been assigned he replied, "Go to the court-house and find out," and that he did find from the records that it had been assigned to one Reukema, one of the clerks in the office of Pereles & Sons; that he then went back to the office and showed Reukema the money, and that he said he could not accept that money because Pereles & Sons were doing his business, and that he then offered him the money and he would not take it.

This evidence was mainly corroborated by the testimony of the defendant, *Rosa Van Diemen.* T. J. Pereles testified that Mr. Zettler came to their office with regard to the payment of the $1,000 mortgage, and inquired about the amount due, and that he told him the amount due on *both* mortgages was near $1,000, and that Zettler said he would not pay the other, and that he wanted to take up the $700 mortgage, but that he exhibited no money. What this witness testified as to his saying, "We won't refuse to receive money," and "It is our habit never to refuse money," was very equivocal, and meant nothing in connection with his admission that he might have said he could not take the $700, and wanted the $200 also. The witness Reukema did not deny what Zettler testified to as to his offer of the money to him, and testified merely that he said he should go to Pereles &

Sons about the mortgage. Mr. Pereles denied that he told Zettler that the mortgage had been assigned to Reukema; but he must be mistaken about that, for he admitted that it was in Reukema's hands and belonged to him, and Zettler would not be likely to have gone to him to pay the money if he had not been so informed. It is a strong circumstance that Pereles informed Zettler at the time that he had not made a sufficient tender. The testimony of Zettler stands substantially uncontradicted, and the testimony of Pereles and Reukema clearly shows an attempt and intention on their part to prevent and evade the tender of the money due on the $1,000 mortgage, and a refusal to receive the money. They made no objection to the amount tendered as being insufficient, or to the manner in which it was offered, or that it was not offered on behalf of the defendant, *Rosa Van Diemen;* and the evidence is clear enough that Zettler attempted to make this tender for and on her behalf. The handing out of the money and counting it were excused by the refusal to receive it. The tender was a valid one, by the current of authority, and especially by the decisions of this court. *Racine Co. Bank v. Keep,* 13 Wis. 209; *Hunter v. Warner,* 1 Wis. 141. The testimony is that immediately after the tender, the money then offered, and which was sufficient in amount, was deposited with the clerk of the court and notice thereof given to the then holder of the mortgage. This kept the tender good. *Newton v. Allis,* 16 Wis. 197; *Breitenbach v. Turner,* 18 Wis. 140. The plaintiff was, therefore, not entitled to the judgment of foreclosure of the first mortgage. The amount of that mortgage, both principal and interest, was lawfully paid into court to her use, and the holder of the mortgage could have received it at any time since the tender. As to the third fact found by the court, that the second mortgage had not been paid, and the fact connected therewith, that the satisfaction thereof had been entered of record by a mistake of this fact, we think there was sufficient evidence to support the finding.

Hoffman vs. Van Diemen and husband.

It is unfortunate that Nicholas Hoffman, the husband of the plaintiff, is dead, for he was the person who caused the satisfaction to be entered of record, and it is quite evident that at the time he was in a feeble state of mind and of weak memory. The defendant, *Rosa Van Diemen*, testified that she paid the mortgage about a year before the satisfaction was entered. It is suspicious that she did not then obtain its satisfaction. Two hundred dollars had been paid on the $1,000 mortgage, and Nicholas Hoffman might have been confused in his mind as to the application of that payment, and by mistake have supposed that it was on the $200 mortgage. The fact that the defendant paid interest on this mortgage long after she says she had paid the principal, and after its satisfaction of record, weighs heavily against her testimony that she had paid up the mortgage so long before, and there was some testimony of her admissions that the mortgage was not paid. Her evidence of the payment to Nicholas Hoffman, now deceased, comes very near that of a transaction with him, about which she ought not to testify; but this question need not be decided. The note and mortgage were still outstanding, and continued in the hands of Nicholas Hoffman and his assigns all the time, notwithstanding this entry of satisfaction, and this affords at least *prima facie* evidence that the note had not been paid. But it is profitless to consider the evidence more at length. These suggestions as to some circumstances which strongly bear against the satisfaction, and in favor of the theory that it was entered by mistake of fact, afford sufficient reason for not disturbing the finding.

*By the Court.*— The judgment of the county court is reversed, and the cause remanded with direction to enter judgment for the foreclosure of the second mortgage only.

A motion by the appellant for a rehearing was denied March 3, 1885.