JOHN H. DUNDAS, ADMINISTRATOR, ETC., V. JOHN L. CARSON ET AL., ADMINISTRATORS, ETC.

[FILED OCTOBER 16, 1889.]

**Administrators**: MAY MAINTAIN EJECTMENT. Under section 202 of chapter 23 of Compiled Statutes, *held*, that an administrator of an intestate's estate may maintain an action of ejectment for the recovery and possession of real property for the necessary purposes of administration.

ERROR to the district court for Nemaha county. Tried below before BROADY, J.

*W. H. Kelligar*, for plaintiff in error:

Under statutes like ours the courts of various states have held that an administrator might maintain ejectment. (*Miller v. Hoberg*, 22 Minn., 249; *Edwards v. Evans*, 16 Wis., 197; *Jones v. Billslein*, 28 Id., 227; *Streeter v. Paton*, 7 Mich., 351; *Kline v. Moulton*, 11 Id., 370; *Marvin v. Schilling*, 12 Id., 361; *Campau v. Campau*, 19 Id., 125; 25 Id., 130; *Meeks v. Hahn*, 20 Cal., 620; *Chapman v. Hollister*, 42 Id., 462; *Meeks v. Kirby*, 47 Id., 169; *McRea v. Haraszthy*, 51 Id., 146; *Page v. Tucker*, 54 Id., 121; *Golding v. Golding*, 24 Ala., 129; *McRae v. McDonald*, 57 Id., 423.)

*G. W. Covell*, and *R. W. Patrick*, for defendants in error:

As a general rule an executor or administrator represents the personal estate only, and cannot maintain eject-

Dundas v. Carson.

ment. (*Brown v. Strickland*, 32 Me., 174; *Burdyne v. Mackey*, 7 Mo., 374; *Heirs of Ludlow v. Johnson*, 3 O., 553; *Hathaway v. Valentine*, 14 Mass., 501; *Humphreys v. Taylor*, 5 Or., 260; *Morrill v. Menifee*, 5 Ark., 629; Sedg. & W., Title, sec. 207.) Upon the death of an ancestor the title to realty vests at once in the heirs or devisees. (Schouler, Ex'rs & Adm'rs, sec. 212; *Drinkwater v. Drinkwater*, 4 Mass., 355; *Lucy v. Lucy*, 55 N. H., 9; *Laidley v. Kline*, 8 W. Va., 218; *Hawkins v. Kimball*, 57 Ind., 42; *Mopike v. Wells*, 54 Miss., 136; *Lemoyne v. Quincy*, 70 Ill., 399; *Sheldon v. Rice*, 30 Mich., 296.) An administrator has no concern with the realty save for the benefit of creditors. (*Gladson v. Whitney*, 9 Ia., 267; *Crocker v. Smith*, 32 Me., 244.) Plaintiff in ejectment must show legal title to lands claimed (*Morton v. Green*, 2 Neb., 451); and must recover on the strength of his own title (*Butler v. Davis*, 5 Neb., 5 !1); and must have a legal estate in and be entitled to the possession of the premises. (*Dale v. Hunneman*, 12 Neb., 221; Tyler, Eject., 36; *Wright v. Douglas*, 3 Barb. [N. Y.], 554; *Williams v. Hartshorn*, 30 Ala., 211; *Armstrong v. Pierson*, 4 G. Greene [Ia.], 45; *Lathrop v. Emig. Co.*, 41 Ia., 547; *Warren v. Tobey*, 32 Mich., 45; *Lannay v. Wilson*, 30 Md., 536; *Fenn v. Holme*, 21 How. [U. S.], 481.) The administrator's authority is a mere naked power. (*Floyd v. Herring*, 64 N. C., 409; *Womble v. George*, Id., 759.) The Montana court held that an administrator, under a statute authorizing him to take possession of all evidence of title, to make an inventory of the realty, could not maintain ejectment. (*Carrhart v. Land Co.*, 1 Mont., 245.)

COBB, J.

This cause is brought to this court on error to review the judgment of the district court of Nemaha county.

The plaintiff in error, John H. Dundas, administrator of the estate of Peter B. Borst, on November 4, 1885, com-

menced an action in the court below, alleging that his decedent died intestate in Page county, in the state of Virginia, April 24, 1882; that his estate was insolvent, and was duly administered in accordance with the *lex loci*, and that plaintiff was on September 5, 1884, duly appointed and qualified as administrator of said estate in the county court of Nemaha county; that as such administrator he has a legal estate in and is entitled to the possession of the N. W. fractional ¼ of section 4, township 4 north, range 14 east, in Nemaha county; that John L. Carson, as administrator of the estate of Matthew A. Handley, deceased, McFarland Campbell, and Albert Gillen, who were made defendants, since the 1st day of March, 1879, have unlawfully and wrongfully kept the plaintiff out of possession; that while unlawfully in possession of the premises the defendants have received the rents and profits thereof from March 1, 1879, to the commencement of this suit, amounting to $1,000, applying the same to their own use, to the damage of the plaintiff of $1,000, for which the plaintiff prays judgment of possession and damages; that the plaintiff has a legal estate in and is entitled to the possession of the N. E. fractional ¼ of section 4, township 4 north, range 14 east, in Nemaha county, and that the defendants, since the 1st day of March, 1876, have unlawfully and wrongfully kept the plaintiff out of possession; that while unlawfully in possession of the last described premises the defendants have received the rents and profits thereof from March 1, 1876, to the commencement of this suit, amounting to $1,500, applying the same to their own use, to the damage of the plaintiff $1,500, for which the plaintiff prays judgment of possession and damages.    *Mesne* process was issued against the defendants November 4, 1885, and was served on John L. Carson, administrator, and on Albert Gillen, and returned according to law.

On December 7, 1885, the defendants, Carson and Gillen, filed demurrers to the petition, because the court had

no jurisdiction of the subject of the action, and the plaintiff no legal capacity to sue the defendants, as administrator, or otherwise; because there is a defect of parties plaintiff and a defect of parties defendant; because different causes of action are improperly joined, and because sufficient facts are not stated to constitute a cause of action against either defendant. Subsequently, on March 29, 1886, on motion and application of the heirs at law of Matthew Handley, deceased, to be admitted and made parties defendant, to-wit, John M. Handley, Margaret Harmon, Joseph Handley, Cassander Bennett, William Millsops, Mary M. Millsops, Russell Millsops, Robert Millsops, Joseph Millsops, John Millsops, Samuel Millsops, Emily Millsops, Sarah A. Millsops, Julia Hays, Franklin L. Handley, George W. Handley, John Handley, Archibald Handley, Strander Handley, Mary Handley, Mrs. Joseph Stiles, William Handley, Joseph Carpenter, Harvey Handley, Mary Jackson, and Eliza Young, were each and all made parties defendant with leave to answer.

On March 31, following, they demurred to the petition as follows:

1. That it does not state facts sufficient to constitute a cause of action against defendants.

2. That the plaintiff has no legal capacity to sue herein.

3. That this court has no jurisdiction of the action.

Upon the argument of the demurrers to the petition they were sustained by the court and judgment against the plaintiff for costs, to which exceptions were duly taken, and errors were assigned:

First — That the court erred in sustaining the demurrer.

Second — In rendering judgment against the plaintiff.

It is admitted by the pleadings, in the issue in the court below, that the allegations of the petition are to be taken as true; that the plaintiff in error is the administrator, under the laws of Nebraska, of the estate of Peter B. Borst, late of Page county, Virginia, who died intestate and in-

solvent on the 24th of April, 1882, and whose personal estate was found insufficient to pay his debts, after administration, under the *lex loci*. It is not doubted that as such administrator the plaintiff in error has a legal estate in and is entitled to the possession of the real estate in the petition described.

But it is denied by the defendants that the court below had jurisdiction of the plaintiff's action at law, in the nature of ejectment, for the recovery of his intestate's real estate, or that the plaintiff could maintain such an action, or that a sufficient cause of action had been set up.

It is not to be disputed that at common law the defendants' arguments would prevail; that the title to the real estate would descend at once to the heirs and next of kin, and the right of possession follow, subject to any paramount lien for the debts of the deceased which might exist, and that the administrator could have no concern with it.

But that rule of the common law has been changed in this state by the statute providing for the settlement of the estates of deceased persons : " That if the goods, chattels, rights, and credits in the hands of the executor or administrator shall not be sufficient to pay the debts of the deceased and the expenses of administration, the whole of his real estate, except the widow's dower, or so much thereof as may be necessary, may be sold for that purpose by the executor or administrator, after obtaining license therefor, in the manner provided by law." (Sec. 201, ch. 23, Comp. Stats. 1887.) The succeeding section of the law (202) further provides that " the executor or administrator shall have a right to the possession of all the real as well as personal estate of the deceased, and may receive the rents, issues, and profits of the real estate until the estate shall have been settled, or until delivered over, by order of the probate court, to the heirs or devisees, and shall keep in good tenantable repair all houses, buildings, and fences thereon which are under his control." Taking the

provisions of these sections, as to the powers and duties of executors and administrators, their intent and meaning cannot readily be mistaken, nor can they be consistently misconstrued that such right and title as the deceased had, in his lifetime and at his death, his administrator shall *not* have, as to all the real as well as personal estate, in order to "receive the rents, issues, and profits," and keep in "tenantable repair all houses, buildings, and fences thereon," as required by this section. These duties could not always be exercised, as in the present instance, without the right of recovery and possession of the real estate under this law. If the title of any one of the defendants be superior, or valuable, or colorable, they are not barred from setting it up on the trial of the general issue.

This view of the case is supported by the decisions of the courts of other states where the same statutory provisions are found. In California, during administration of an estate, and until distribution, the executor or administrator is entitled to the possession of the real property, and may recover it from the heir or devisee. (*Page v. Tucker*, 54 Cal., 121.) In Michigan the statutory right of the administrator, before final settlement, to the possession and to the rents and profits of the real property may be enforced by ejectment. (*Kline v. Moulton*, 11 Mich., 370.) The same prevails in Minnesota. In the case of *Miller v. Hoberg*, reported in 22 Minn., 249, the court held that, under sec. 6, chap. 52, of the statutes of that state, (which is precisely the same as sec. 203 of our statute, above quoted,) "The plaintiff's legal capacity to sue depends on his character as administrator, and not on his right to recover for the cause alleged in the complaint. His right to the possession, if he has any, is sole, and exclusive of the right of the heirs, and is not a joint right. * * * The heirs have the right to the possession as against every one but the administrator or his tenants. He has the right to the possession as against the heirs, or any other persons, until

the estate is settled, or until delivered over by order of the probate court, and the right to sue follows as a necessary consequence." In Alabama an administrator has such a right to the possession of land of his intestate that he may bring ejectment without reference to the solvency of the estate, and it was held where the plaintiff brought an action as an individual that the complaint might be amended to sue as an administrator. (*McRae v. McDonald*, 57 Ala., 423; *Agee v. Williams*, 30 Id., 636.) In the state of Florida an administrator may maintain ejectment to recover possession of the real estate of his intestate. (*Sanchez v. Hart*, 17 Fla., 507.) In the state of Wisconsin, under sec. 7 of chap. 100 of the Rev. Stat. of that state, identical with sec. 202 of our statute quoted, the supreme court held "that an administrator was entitled to maintain ejectment for lands of the estate he represented, if he saw fit." (*Edwards v. Evans*, 16 Wis., 197; *Jones v. Billstein*, 28 Id., 227.)

Section 2904 of the Comp. Statutes of Michigan is in like terms of sec. 202, in this case, and was frequently reviewed by the supreme court of that state. In *Marvin v. Schilling*, 12 Mich., 361, the court said: "In *Streeter v. Paton* [7 Id., 341] we had occasion to consider the effect of this statute on the rights of the heir, and came to the conclusion that the statute did not interfere with the descent of the real estate to the heir, and his right to take possession, or bring ejectment therefor against any one, except the administrator or some one in possession under him, and that the object of the statute was to permit the personal representative of the deceased to take possession of the real estate and hold it until it should be sold by him under a license of the probate court, or the final settlement of the estate if he thought proper to do so, unless ordered to deliver it over to the heir by the probate court."

Again, in considering the same question, in *Campau's case*, 19 Id., 116, the court said: "It is a mere statute

power given to him [the administrator] only for the benefit of creditors, and properly to be exercised only as he shall find the exigencies of the estate may require. Doubtless if he should refuse to exercise the powers when the condition of the estate required it, he might, at the instance of creditors, be compelled to do so, or be removed."

While the legal construction of section 202 of chapter 23 has not heretofore been brought to this court for consideration, the authorities cited, and that construction given to the same provision in other states, may be regarded as a settlement of the question here — of the legal authority of the administrator of an insolvent estate to maintain ejectment, for the purposes of administration, against all occupying claimants of the real estate of which his intestate died seized.

The demurrer is upon the grounds that the plaintiff has no legal capacity to sue; that the court is without jurisdiction; that there is a defect of parties in the omission of heirs of the intestate; and that the facts stated do not constitute a cause of action.

There is nothing in these grounds, if the views expressed and adopted in this opinion are correct, and therefore the demurrer in the court below should have been overruled.

The judgment of the district court is reversed and the cause is remanded for further proceedings according to law.

REVERSED AND REMANDED.

THE other Judges concur.