J. ARTHUR TILLSON, AMINISTRATOR, APPELLEE, V. CHESTER
HOLLOWAY, APPELLANT.

FILED JANUARY 3, 1912.    No. 16,691.

1. Executors and Administrators: RIGHT TO POSSESSION OF ASSETS:
   EJECTMENT. Under the provisions of section 202, ch. 23, Comp.
   St. 1911 (Ann. St. 1911, sec. 5067), an executor or administrator
   has the right to the possession of all the real estate and personal
   property belonging to the estate of his decedent. In order to en-
   force that right he may maintain ejectment against one without
   title and wrongfully in possession.

2. Ejectment: ADMISSIBILITY OF EVIDENCE: PROBATE RECORDS. Where
   a foreign-probated will is admitted to probate in this state by a
   county court having jurisdiction of the subject matter, and from
   which no appeal has been taken, the proceedings and decree of
   the probating court are admissible in evidence in an action in
   ejectment by the administrator of the estate of the devisee under
   the will.

3. Wills: DEVISES: VESTING OF TITLE. Where lands, which a testator
   had the power to dispose of by will, are devised to one who is in
   life at the time of the decease of such testator, the devisee be-
   comes vested with the title thereto, subject to the probating of
   the will, in the absence of debts, and the probating of the will
   after the death of the devisee renders effectual the title in his or
   her estate.

4. Ejectment: ISSUES: DETERMINATION. Where a defendant in an
   ejectment suit pleads in his answer, and upon the trial offers evi-
   dence tending to prove, his purchase of the land in dispute from
   Ira Holloway, under whose will plaintiff claims, the payment of
   the purchase price and possession under the contract of purchase,
   it is error to decide the case without determining that issue.

APPEAL from the district court for Buffalo county:
BRUNO O. HOSTETLER, JUDGE. *Reversed.*

*H. M. Sinclair* and *W. D. Oldham,* for appellant.

*J. Arthur Tillson* and *Fred A. Nye, contra.*

REESE, C. J.

This is an action in ejectment for the possession of the

34

northwest quarter and the west half of the northeast quarter and the north half of the southwest quarter, all in section 3, township 10 north, of range 14, in Buffalo county. The action is prosecuted by plaintiff as administrator of the estate of Achsah Holloway, deceased. In addition to the demand for possession of the property, a claim was made for the rents and profits during the time the land was in the possession of defendant. The answer consists of a general denial of the allegations of the petition, with the averment that Achsah Holloway was never the owner of the real estate in dispute; that defendant is her son; that the land was originally purchased from the Union Pacific Railroad Company by his father, Ira Holloway, the husband of Achsah; that Ira Holloway was thereafter indebted to defendant in the sum of $5,500, and offered the land to defendant in part payment of said indebtedness, which offer was accepted by defendant, and in the year 1884 he went into possession of the land, and has retained the open, adverse and exclusive possession thereof ever since, fencing and otherwise improving it and claiming it as his own. It is averred that Ira Holloway was never a resident of this state; that he lived in the state of Michigan, where he died testate in 1887, leaving all his property to his wife. Achsah, but that the will was never probated in this state during the lifetime of Achsah Holloway; that there are no debts against the estate of Achsah; that the estate was possessed of a large quantity of personal property of the amount and value of $40,000, in addition to which the estate owned real estate of the value of $25,000, over the title to which there was no controversy; that Achsah never at any time claimed any interest in, or to own, the real estate in dispute, but knew of, and acquiesced in, the transaction had between her husband (defendant's father) and defendant, whereby the land was turned over to defendant on the indebtedness of Ira Holloway. The heirs of Ira and Achsah Holloway were not made parties to the suit, nor is there any prayer for affirmative relief.

The reply is, in effect, a general denial of the allegations of the answer. There was a jury trial, which resulted in a verdict finding that plaintiff was entitled to the possession of the land and for the sum.of $1 against defendant for the rents and profits thereof. After a motion for a new trial was filed and overruled, judgment was rendered in accordance with the verdict. Defendant appeals.

The points of law presented will be disposed of in the order presented in defendant's brief. It is insisted that the petition does not contain allegations sufficient to constitute a cause of action. This question was raised at the beginning of the trial by a demurrer *ore tenus* and an objection to the introduction of any evidence. This contention is based upon the fact that it is not alleged in the petition that plaintiff has a legal estate in the land, but is suing only as administrator, without an averment that the estate is insolvent. While as a general proposition it is true, as contended by defendant, that in an action in ejectment it is necessary to allege that plaintiff has a legal estate in the land, the possession of which is sought (code, sec. 626), it seems that section 202, ch. 23, Comp. St. 1911 (Ann. St. 1911, sec. 5067), has changed the rule so far as executors and administrators are concerned. This section gives the right to the possession of all real as well as personal estate of a decedent to executors and administrators, and we have held that ejectment could be maintained by them. *Dundas v. Carson,* 27 Neb. 634; *Carson v. Dundas,* 39 Neb. 503. It is true we held in *Cooley v. Jansen,* 54 Neb. 33, that the right of an administrator to the possession of the real estate of his decedent arises from its being subject to the payment of the debts of the estate, which was correct as to the cause from which the right arises, and that a homestead right was not affected by the statute, but that it did not do away with the express provision of the statute above cited. Under that statute he is entitled to the possession of nonexempt property.

If he is entitled to such possession, the law furnishes a remedy against a disseizor, which is by ejectment.

In 1 Woerner, American Law of Administration (2d ed.) sec. 293, it is said: "Where, under the statute or a testamentary provision, the executor or administrator is put in charge of the real as well as of the personal estate, any action necessary to protect the same against wrongdoers, or to recover damages for injuries thereto, including ejectment for possession, must lie in favor of such executor or administrator." See, also, 2 Woerner, American Law of Administration (2d ed.) sec. 337. It is true, as contended by defendant, that the legal title belonging to an intestate estate descends to the heir subject to the payment of debts; but, under the statute, it is equally clear that the right of possession is in the administrator until his administration is closed. This, however, is subject to the higher rights of an equitable owner, in the absence of proof that there are creditors of the estate whose equitable claims to the property take precedence over that of the equitable owner of the land. *Koslowski v. Newman,* 74 Neb. 704. The property involved in that case was personal property, but the same principle must be applied to real estate. *Emery v. Darling,* 50 Ohio St. 160.

The will of Ira Holloway, by which his estate, "both real and personal," was devised and bequeathed to Achsah Holloway, his wife, which was duly admitted to probate in the proper court of Michigan, and afterward probated in Buffalo county, was admitted in evidence over the objection of defendant. The contention against the admission of this evidence is founded upon two reasons: (1) That this plaintiff, who signed the petition for its probate, had no authority to do so, and therefore the proceedings for its admission to probate was of no effect. (2) That the devisee under that will (Achsah Holloway) having died before that time, neither she nor her estate could take under the will.

As to the first contention, the petitioner was the ad-

ministrator of the estate of Achsah Holloway in the state of Michigan, and signed the petition for the probate of the will of Ira Holloway, which devised and bequeathed his property to her. There was no appeal from the action of the county court in receiving and acting upon the petition and the admission of the will to probate in this state. The county court had jurisdiction of the subject matter, and its judgment cannot be collaterally attacked. *Larson v. Union P. R. Co.*, 70 Neb. 261.

As to the second contention, it is shown that the will of Ira Holloway was duly admitted to probate in the state of Michigan before the decease of Achsah. It is certainly true, as claimed by defendant, that, in order that title and the right of possession may be shown in a claimant as devisee under a will, the will under which the title is asserted must be admitted to probate in order to its admissibility as evidence. It is also true that the legal title cannot vest in one deceased. It is conceded that, if a devisee die prior to the death of the testator, the estate, as a general rule, lapses, and, unless otherwise provided in the will, is intestate property. This, however, is subject to the provisions of section 5016, Ann. St 1911, but which is not important here. We have found no case holding that, if the beneficiary under a will dies subsequent to the death of a testator and before the will is probated, the devised property thereby lapses. If a will is executed in compliance with all the forms of law by one competent to make such will and the beneficiary survives the testator, the title to the devised property vests in the surviving devisee upon the death of the testator, but subject to the probating of the will, and, when so probated, it speaks as of the time of the death of the testator.

In *Babcock v. Collins*, 60 Minn. 73, it is held that where a foreign will was duly probated in the place of domicile of the testator, and the executor, under a power conferred in the will, sold the land in Minnesota, but without the probate of the will in that state, the sale would be sustained, if the will was probated subsequent

to the sale, and that the probating would relate back to the testator's death and perfect the title. Page, Wills, sec. 356. It is said by the same author (sec. 358) that a foreign will may be recorded (probated) even after litigation upon the title to realty has been taken to the supreme court, and, when so recorded, will date back to testator's death—citing *Wells, Fargo & Co. v. Walsh*, 88 Wis. 534; *Carpenter v. Denoon*, 29 Ohio St. 379.

In 1 Underhill, Wills, p. 437, sec. 324, it is said: "If the gift (devise) vests on the death of the testator, it will *not* lapse because of the death of the beneficiary before the time arrives for his enjoyment in possession." And in sec. 334 it is said: "The rule of lapse is not applicable to a case of the death of a legatee *after the death of the testator*. If the legacy has vested in the legatee, and he is to receive more than an estate for his life, the interest will not lapse upon his death, though that event may take place before the interest has become vested in possession," as a remainder in fee, etc.

In *Jersey v. Jersey*, 146 Mich. 660, it was held that, in the absence of provisions to the contrary in a will, a legacy does not lapse by death of the legatee after that of the testator before the probate of the will. See, also, *Traver v. Schell*, 20 N. Y. 89; *Price v. Watkins*, 1 Dall. (Pa.) *8; Schouler, Executors (3d ed.) sec. 467.

We therefore conclude that the title to the real estate of Ira Holloway in this state was vested in Achsah Holloway during her lifetime, subject to the probating of his will in this state, and that her decease before the will was probated here did not divest her estate of that title. In arriving at this conclusion, we have not overlooked section 5008, Ann. St. 1911, which provides: "No will shall be effectual to pass either real or personal estate, unless it shall have been duly proved and allowed in the probate court as provided in this chapter, or on appeal in the district court; and the probate of the will of real or personal estate as above mentioned shall be conclusive as to its due execution." It is evident from the provisions of

this section that the purpose of the legislature was to require the probating of the will before it would be "effectual" to pass the estate of record, but that it does not go to the extent of preventing the vesting of title, subject to such probate, for we held in *Walton v. Ambler,* 29 Neb. 626, that a failure to probate in Nebraska an Iowa will devising lands in this state would not preclude a devisee under the will from disposing of his interest in Nebraska lands, and that he would be bound thereby. It must be apparent that the probating in this state of a foreign-probated will is largely for the purpose of perpetuating the evidence of an already vested estate. There was no error in the admission in evidence of the record of the probating of the will.

As we have seen, defendant presented an equitable defense to the action, and in support of which evidence was introduced. By the fourth instruction given by the court the jury were told that their verdict should be "for the plaintiff on the first cause of action, unless defendant satisfies you by a preponderance of the evidence that he has been for a period of ten years in the open, notorious, exclusive and adverse possession of the premises, under a claim of ownership against all persons." This instruction excluded defendant's contention that, during the lifetime of Ira Holloway, he had purchased the land from Ira, had paid the price therefor by the cancelation of certain indebtedness held against Ira, and had taken and held possession under said purchase. The defendant was entitled to have this issue submitted to the jury, or, if plaintiff's contention that, being an equitable defense, it was for the court to decide is correct, the record should show affirmatively that the issue was passed upon by the court and a finding made of the facts as in any other case in equity, or that the question was submitted to the jury for an advisory verdict upon special findings. No such action is shown by the record.

The court having failed to submit the question to the jury, or to render any decision thereon, the cause will

have to be remanded for further proceedings, which is done.

REVERSED.