J. ARTHUR TILLSON, ADMINISTRATOR, APPELLEE, v. CHESTER HOLLOWAY, APPELLANT.

FILED JUNE 5, 1915. No. 18711.

1. Executors and Administrators: CLAIMS: SUFFICIENCY OF EVIDENCE. The findings of the trial court as to the amount of money advanced by defendant to his father and as to the rental value of the land occupied by defendant are approved.

2. ———: LOANS: INTEREST. H. advanced money to his father and took possession of land of his father's, upon agreement that at some future time they would adjust the matter, allowing for interest and for the use of the land, with no agreement to pay interest or rentals in the meantime. Held, that a decree adjusting the accounts should not allow compound interest, nor interest on the rentals.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Reversed with directions.*

*W. D. Oldham* and *H. M. Sinclair,* for appellant.

*Fred A. Nye* and *J. A. Tillson, contra.*

SEDGWICK, J.

This case has been in this court twice before. *Tillson v. Holloway,* 90 Neb. 481; 94 Neb. 635. At the last hearing it was remanded for an accounting between the parties. The trial court has stated the account, and has found due to the defendant $2,499.09. The defendant has appealed, and both parties are complaining of the judgment.

The court found that the amount of the defendant's claim against the estate, with simple interest, was $15,159.10. The plaintiff complains of this, and contends that the evidence will not support the finding. Many witnesses were examined, some of them the brothers and sisters of the defendant, who are interested adversely to him, and the evidence is so voluminous that it is not practicable to attempt to analyze it. Several of these witnesses testified orally before the court, and much depends upon the force and consistency of their testimony. So far as the findings depend upon the accuracy and consistency of this testimony, the trial court had the advantage of considering their appearance and manner of testifying, and the surrounding conditions that enabled him to determine the reliability of their testimony, and, as we have often said, under such circumstances we must give careful consideration to the estimate of the trial court as to the probative force of such testimony. We conclude that this finding is not so unsupported as to require us to change it.

The trial court found that the value of the rental of the farm while the defendant had occupied it was $7,200. For the first five years he found that the rental value was 25 cents an acre for each year; for the next ten years he found that the rental was 50 cents an acre for each year, and for the remaining five years he found the rental value to be 75 cents an acre for each year, and computed inter-

est on each year's rental from October 1 of that year to the present time.

When this case was remanded to the district court for an accounting, this court said: "The judgment is therefore reversed and the cause remanded, with instructions to take further evidence, if necessary, and find the amount due defendant with simple interest at 7 per cent. per annum. Against this, offset the value of the use of the land, and enter a decree in favor of plaintiff for possession of the land upon payment of balance due defendant as so found. Unless the same is paid within 90 days from the entry of the decree, the land shall be sold, and costs and defendant's claim paid out of the proceeds, and balance to the plaintiff." 94 Neb. 635. This was upon the theory that the evidence shows that the agreement between the defendant and his father was that no interest should be paid to the defendant on the money which he had advanced to his father, nor any rent paid by the defendant for the use of the land until there should be a final settlement between them and adjustment of the whole matter. Therefore on the money due to the defendant simple interest only should be computed, since there was no interest due until settlement should be made, and for the same reason, interest should not be computed upon the rental of the farm, because there was no rental due until such settlement. If the agreement had been that the interest on the defendant's money should be paid annually, and that the rental upon the farm should also be paid annually, the computation should be made with annual rests offsetting the accumulating interest against the rentals, so that, in either view of the case, the conclusion of the trial court in allowing interest upon the rentals and refusing interest upon accumulations of interest would be irregular. The court should allow simple interest upon the defendant's claim and offset the rentals without interest against this claim.

The judgment of the district court is reversed and the cause remanded, with instructions to enter a finding in favor of the defendant for the amount as heretofore found,

with interest to the date of the decree, from which should be deducted the rental values as found by the trial court, without interest thereon, and a reasonable rental to the date of the decree.

REVERSED.

BARNES, FAWCETT and HAMER, JJ., not sitting.