[No. 18918.   Department Two.   May 18, 1925.]

*In the Matter of the Estate of* WILLIAM J. SCHMIDT, *Deceased.*

CLARA BABER *et al., Appellants,* v. ANN JEANNETTE INGERSOLL, *Respondent.*[1]

DESCENT AND DISTRIBUTION (12)—TITLE OF HEIRS OR DEVISEES—NECESSITY FOR PROBATE—STATUTES—CONSTRUCTION.   Under Rem. Comp. Stat., § 1366, vesting title in the devisee, "immediately" upon the death of the testator, with the proviso that no one shall be "deemed" a devisee until the will is probated, the probate is but proof which relates back to the time of the death; so that property devised to the testator's widow, who died before his will was probated, vested in her as sole heir at law, and passed to her heirs, to the exclusion of collateral heirs of the testator.

Appeal from an order of the superior court for Garfield county, Miller, J., entered May 28, 1924, decreeing the final settlement and distribution of an estate. Affirmed.

*M. F. Gose, E. V. Kuykendall,* and *G. W. Jewett,* for appellants.

*Frank C. Myers,* and *C. A. McCabe,* for respondent.

MITCHELL, J.—William J. Schmidt died testate on December 7, 1922, leaving a wife, Ettie Schmidt, to

[1]Reported in 236 Pac. 274.

whom by his will he gave all of his property. His estate, real and personal, was entirely his separate property. He left no issue, no father, no mother, but left brothers and sisters and the issue of a deceased sister. One of the brothers has since died, leaving children. On December 26, 1922, the widow filed a petition for the probate of the will. On January 3, 1923, the widow died. The will was admitted to probate on January 18, 1923. The superior court distributed the property, real and personal, to Ann Jeannette Ingersoll, the sole heir at law of Ettie Schmidt. Collateral heirs of the testator who appeared in the probate proceedings have appealed from the order of distribution.

The sole question in the case is, did the title to the property vest in Ettie Schmidt, she having died after the death of the testator and before the will was admitted to probate. The controlling statute is § 1366, Rem. Comp. Stat. [P. C. § 9863], as follows:

"When a person dies seized of lands, tenements or hereditaments, or any right thereto or entitled to any interest therein in fee or for the life of another, his title shall vest immediately in his heirs or devisees, subject to his debts, family allowance, expenses of administration and any other charges for which such real estate is liable under existing laws. No administration of the estate of such decedent and no decree of distribution or other finding or order of any court shall be necessary in any case to vest such title in the heirs or devisees, but the same shall vest in the heirs or devisees instantly upon the death of such decedent: Provided that no person shall be deemed a devisee until the will has been probated. The title and right to possession of such lands, tenements, or hereditaments so vested in such heirs or devisees, together with the rents, issues and profits thereof, shall be good and valid against all persons claiming adversely to the claims of any such heirs, or devisees, excepting only the executor or administrator when appointed, and persons lawfully claiming under such executor or administrator;

and any one or more of such heirs or devisees, or their grantees, jointly or severally may sue for and recover their respective shares or interests in any such lands, tenements, or hereditaments and the rents, issues and profits thereof, whether letters testamentary or of administration be granted or not, from any person except the executor or administrator and those lawfully claiming under such executor or administrator.''

The argument on behalf of the appellants is that the devise did not vest at the death of the testator contingently upon the probate of the will, but that the devise was contingent upon her being alive when the will was probated. The argument is based on the proviso with which the second sentence of the statute ends. To adopt that interpretation inevitably leads to a rewriting of the section so that it will read that when a person dies seized of lands, tenements or hereditaments, or any right to, or entitled to any interest therein in fee or for the life of another, his title thereto shall vest in his devisees at the time of probating his will, subject to his debts, family allowance, expenses of administration, and any other charges for which such real estate is liable under existing laws. That would be a complete nullification of the twice repeated declaration in the most emphatic language of the statute, that upon death the title vests immediately. We are not authorized under the guise of interpretation to thus rewrite the statute. Its different parts must be understood as containing no inconsistencies. Indeed, there are none in it.

Prior to the proviso, the statute says that, upon death, the title shall vest "immediately," "instantly." This is the substantive portion of the law, intended, manifestly, to change the rule announced in some of our earlier cases, such as *Balch v. Smith*, 4 Wash. 497, 30 Pac. 648. It deals with the title—the thing that is transmissible and inheritable. It vests immediately.

The vesting of title is the existence of a fact, which is different from the proof of the fact. The proviso is intended to supply the latter. It is remedial in its nature, and in that manner qualifies that which immediately precedes it. It furnishes the adjudication of the fact and relates back to the time that the statute says the title shall vest. The proviso is "that no person shall be deemed a devisee until the will has been probated." "Deemed," as used in legislative expression, is not materially different in meaning that "judged." *Blaufus v. People,* 69 N. Y. 107. The word "deemed" means to hold in belief, estimation, or opinion; to judge; adjudge; decide; to have or to be of an opinion. *Cory v. Spencer,* 67 Kan. 648, 73 Pac. 920, 63 L. R. A. 275. "Deemed" is the equivalent of "considered" or "adjudged." *Leonard v. Grant,* 5 Fed. 11. Other cases to the same effect are *Commonwealth v. Pratt,* 132 Mass. 246; *Ex parte Smith,* 33 Nev. 466, 111 Pac. 930; *Town of Checotah v. Town of Eufaula,* 31 Okl. 85, 119 Pac. 1014, 1017. That is, the probating of the will is not necessary for the passing of the title or providing a devisee, but as proof of that kind provided for by the statute as to who shall be deemed to be the person in whom title was vested immediately upon the death of the testator.

It would be useless to refer to many of the cases cited in the arguments that inferentially bear on the principle involved. This case differs from them generally because of the death of the devisee prior to probating the will and because of the language in the proviso. Our attention has been called, however, to the well-considered case of *Tillson v. Holloway,* 90 Neb. 481, 134 N. W. 232, that was considered by the trial judge in disposing of the present case. That was a case in which Ira Holloway by will conveyed all his property to his wife, Achsah Holloway, who survived

him, but died prior to the probating of the will in Nebraska. There, as here, it was contended that the devise had lapsed. The court, speaking generally, said:

"It is certainly true, as claimed by defendant, that, in order that title and the right of possession may be shown in a claimant as devisee under a will, the will under which the title is asserted must be admitted to probate in order to its admissibility as evidence. It is also true that the legal title cannot vest in one deceased. . . . We have found no case holding that, if the beneficiary under a will dies subsequently to the death of a testator and before the will is probated, the devised property thereby lapses. If a will is executed in compliance with all the forms of law by one competent to make such will and the beneficiary survives the testator, the title to the devised property vests in the surviving devisee upon the death of the testator, but subject to the probating of the will, and, when so probated, it speaks as of the time of the death of the testator."

Thus, independent of the statute, it was held that title vested upon the death of the testator, and then, after referring to other authorities to the same effect, the Nebraska court said:

"We therefore conclude that the title to the real estate of Ira Holloway in this state was vested in Achsah Holloway during her lifetime, subject to the probating of his will in this state, and that her decease before the will was probated here did not divest her estate of that title. In arriving at this conclusion, we have not overlooked section 5008, Ann. St. 1911, which provides: 'No will shall be effectual to pass either real or personal estate, unless it shall have been duly proved and allowed in the probate court as provided in this chapter, or on appeal in the district court; and the probate of the will of real or personal estate as above mentioned shall be conclusive as to its due execution.' It is evident from the provisions of this section that the purpose of the legislature was to require the probating of the will before it would be 'effectual'

to pass the estate of record, but that it does not go to the extent of preventing the vesting of title, subject to such probate, for we held in *Walton v. Ambler,* 29 Neb. 626, 45 N. W. 931, that a failure to probate in Nebraska an Iowa will devising lands in this state would not preclude a devisee under the will from disposing of his interest in Nebraska lands, and that he would be bound thereby."

We conclude that the sole question in this case, as first above stated, must be answered in the affirmative.

Judgment affirmed.

TOLMAN, C. J., MACKINTOSH, HOLCOMB, and FULLERTON, JJ., concur.