LAVERTY ET AL. V. SEXTON & SON.

1. **Action**: PARTIES: WILL. Where the possession and control of real estate is given to the executors for the purpose of carrying out the provisions of the will, they are authorized to maintain an action to quiet the title thereto.

2. **Tax Deed**: STATUTE OF LIMITATIONS: ACTION. The holder of a tax deed cannot maintain an action to recover land purchased at tax sale, five years after the execution and recording of the deed. Following *Brown & Sully v. Painter*, 38 Iowa, 456.

3. **Pleading**: PRAYER FOR GENERAL RELIEF: PRACTICE. Under a prayer for general relief, a decree may be rendered canceling the conveyance of a party to the suit, whose grantor is adjudged therein to have no title to the land sought to be conveyed.

*Appeal from Warren District Court.*

MONDAY, OCTOBER 25.

ACTION to quiet title to lands belonging to the estate of which the plaintiffs are executors. There was a decree granting the relief prayed for in the petition. Defendants appeal. The opinion of the court contains a statement of the pleadings and the facts of the case.

*Bryan, Maxwell & Seevers*, for appellants.

An executor cannot maintain an action to set aside a tax deed, in the absence of authority conferred by the will. (*Laverty v. Woodward*, 16 Iowa, 1; *Foteaux v. Lepage*, 6 Id., 130; *Gladson v. Whitney*, 9 Id., 268.) Equity will grant no relief other than that asked in the bill. (*Gwynn v. Turner*, 18 Iowa, 1; *Wilson v. Horr*, 15 Id., 492.) The validity of a tax deed cannot be questioned after the lapse of five years from its execution and recording. (*Thomas v. Steckler*, 32 Iowa, 76; *Jeffrey v. Brokaw*, 35 Id., 505.)

*Henderson & Berry*, for appellees.

When the will indicates an intention of the testator to vest his property in the executors, equity will imply a conversion

of the whole estate into personal property.   (3 Redf. on Wills, 136–7–8; 2 Story's Eq. Jur., § 1212.)   The fact that the avails of real estate, after it is converted into money, are directed to go in such direction that it must pass into the hands of the executors, will by implication give a power of sale. (3 Redf. on Wills, 138.)   One who has bare possession of land may maintain ejectment against a trespasser.  (*Swift v. Agnes*, 33 Wis., 240.)   To constitute adverse possession, under which title may be acquired, it is not necessary that possession should be known to the other party.   (*Close v. Samm*, 27 Iowa, 503; *Stevens v. Brooks*, 24 Wis., 326.)   An action to set aside a tax deed and to obtain actual possession of the premises must be instituted within five years.   (*Brown & Sully v. Painter*, 38 Iowa, 452; *Knox v. Cleveland*, 13 Wis., 245; *Falkner v. Dorman*, 7 Id., 388.)   At the expiration of five years, the statute vests the absolute title in the party protected thereby. (*Edgerton v. Bird*, 6 Wis., 538.)   One in possession may maintain a bill against one out of possession to remove the cloud of a deed, valid upon its face, where extrinsic facts must be shown to establish its vality.   (Story's Eq. Jur., § 700; *Standish v. Dorr*, 21 Iowa, 363.)

BECK, J.—The petition alleges that John M. Laverty, deceased, was, at the time of his death, the owner of certain lands described therein; that plaintiffs are his executors and have, under the provisions of the will, control and possession of the land, and that the decedent was in the actual possession thereof from 1850 to the day of his death, and since that time the land has been in the occupancy of plaintiffs.  · The petition shows that defendants claim title to the property under a tax deed executed in 1867, upon a sale made in 1863, for the delinquent taxes of 1861.   The petition prays that the cloud upon the title of the land created by the tax sale and deed be removed and the tax deed be cancelled.   The defendants deny the allegations of the petition, or aver that they have no sufficient knowledge or information to answer thereto, and thus put in issue all averments of the petition.   They further set up that they hold a valid tax title, and show that plaintiff's

cause of action accrued more than five years prior to the commencement of the suit, and is therefore barred under section 902, of the Code. They claim that under the tax sale and deed they are the owners of the land, and pray that their title be quieted, and that they may recover possession of the property.

I. It is first urged by defendants that plaintiffs have not such an interest in the land as will authorize them to bring this action.

: The will nominating plaintiffs as executors gives them the control and authority to manage all the property of deceased, and empowers them to rent the lands and do all things necessary to carry out the provisions found in the instrument. To the plaintiff, Electa Laverty, the rents of all the land during her life are bequeathed, and at her death it is to be divided between certain legatees named, each to receive a portion described as a given fraction of. the whole value' of the proceeds of the estate. Upon an application made to the proper court, the plaintiffs were authorized to sell the land for the payment of debts against the estate.

1. ACTION: parties: will.

From this statement of facts it very plainly appears that plaintiffs have a possessory and trust interest in the lands. While the title is not vested in them, the possession and control of the land is given to them as executors for the purpose of carrying out the provisions of the will. Their trust interest is sufficient under Code § 3273, to authorize them to maintain this action. This section provides that " An action to determine and quiet the title of real property may be brought by any one having or claiming an interest therein, whether in or out of possession of the same, against any person claiming title thereto though not in possession."

II. From the evidence we find that the decedent and plaintiffs, as executors, held continuous possession of the land up to the commencement of the suit, and to the day of trial. To defendant's cross petition for the recovery of the land, Code, § 902, is a bar, as the tax deed was not executed and recorded within five years of the commencement of the action. In *Brown & Sully v.*

2. TAX DEED: statute of limitations: action.

*Painter*, 38 Iowa, 406, we held that this provision operated to bar an action brought by the holder of the tax title; it is not intended alone for his protection, but may be pleaded against him. Under this decision defendants cannot recover the land in this action, and the adjudication herein upon their cross bill will operate to defeat any future claim he may set up to the land. The parties' rights to the property being thus settled in this action, the decree quieting plaintiffs' title was properly rendered.

III. It is insisted by defendants' counsel that the decree is erroneous, inasmuch as it quiets the title in plaintiffs, when in truth the title to the land is not in them. But, as we have shown, they have a possessory interest in the land, and claim no more. The decree must be understood to quiet the title of plaintiffs to the interest and right they claim in a fiduciary capacity to the land. In this view, there is no objection to the decree.

IV. One of the defendants, Pliny T. Sexton, holds a conveyance to the land from the other defendants, who were the 3. PLEADING: prayer for general relief: practice. grantors in the tax deed. The decree provides that his deed be canceled. This, it is urged by defendant's counsel, is erroneous, because no such relief is asked in the petition. But there is a prayer for general relief, and Pliny T. Sexton is made a party, and his claim of title to the land is sufficiently averred. Under this condition of the pleadings, the relief against him, granted by the decree, was proper, as it is consistent with the case made by the petition. *Wilson v. Horr*, 15 Iowa, 489.

The foregoing discussion meets all the objections to the decree raised by defendants. It is, therefore,

AFFIRMED.