M. WALKOW vs. C. M. KINGSLEY.

January 20, 1891.

**Transfer in Fraud of Creditors—Evidence—Solvency of Debtor.—** Where the issue is whether a transfer of property was made with intent to hinder, delay, and defraud the creditors of the assignor, evidence as to the solvency or insolvency of such assignor is material, but not necessarily conclusive. Hence, where there was evidence other than that as to such insolvency tending to prove that the transfer was made with an actual intent to defraud creditors, it is error to instruct the jury that if they find that the assignor was solvent they must find that the transfer was valid.

Appeal by defendant from a judgment (of $233.65) of the district court for Wadena county, where the action was tried before *Holland*, J., a verdict of $142.29 rendered for plaintiff, and a motion for a new trial denied.

*Hartshorn & Coppernoll*, for appellant.

*A. G. Broker* and *C. E. Bullard*, for respondent.

MITCHELL, J. This was an action to recover damages for the wrongful taking and conversion of personal property alleged to belong to the plaintiff. The defendant justified the taking as sheriff under a writ of attachment issued and directed to him against the property of one M. E. Martin, to whom (and not the plaintiff) he alleged the property belonged at the time of the seizure under the writ. It appeared that the property had belonged to Martin, but had been sold by her to plaintiff a day or two before it was attached, and the claim of the defendant was that this sale was void as to the plaintiffs in the attachment suit, because made by Martin with intent to hinder, delay, and defraud her creditors, and that plaintiff was a party

to, or at least had notice of, this fraud when she purchased the property. The evidence tending to prove the fraudulent character of this transfer was sufficient to make a case for the jury. The plaintiff had a verdict, upon which judgment was entered, from which defendant appealed. Numerous errors are assigned, but it is only necessary to consider some of those relating to the charge to the jury, which was in some respects so clearly erroneous that a new trial must be ordered.

As tending to prove the fraudulent character of the transfer, considerable evidence was introduced to show that Martin was at the time insolvent, or at least financially embarrassed, and pressed by creditors, and that plaintiff, when she bought, knew that fact, there having been some conversation or negotiations between the parties about plaintiff, as a part of the deal, assuming $1,500 of Martin's indebtedness. There was, however, other and more direct evidence of the fraudulent character of the sale. It included all the property Martin had, and the evidence tended to show a collusive attempt by her and plaintiff to cover up the property taken in exchange for it by a mere colorable mortgage back to plaintiff. The court seems in his charge to have assumed that the determination of the case depended wholly upon the questions whether Martin was at the time of the transfer insolvent, and whether plaintiff knew that fact. For example, the jury were instructed that if they found that plaintiff assumed debts to the amount of $1,500, or there was any conversation to that effect, and that she did not know that Martin was insolvent, they were not justified in finding a verdict for the defendant, and should find for the plaintiff; also, if they found that Martin had sufficient property and means to pay all her debts aside from her exempt property, and had a surplus besides, they must find she was not insolvent for the purposes of this trial, and must return a verdict for the plaintiff. The court would seem to have confounded the case with one under the insolvent law to set aside a preferential conveyance or transfer, and to have assumed that the gist of the defence was the insolvency of Martin, and plaintiff's notice of that fact, and to have left out of view altogether the question of an actual intent to defraud creditors, which was the real question in the case. Of course,

the solvency or insolvency of Martin was important evidence upon the question of fraudulent intent, but by no means conclusive; for a person who has ample property to pay all his debts may (although not so likely to do so) assign or secrete it with intent to defraud his creditors. The instructions referred to were clearly erroneous. There were other portions of the charge that, in a general way, perhaps stated the law correctly; but the jury were quite as likely to have followed the erroneous as the correct instructions, especially as the court, in numerous forms, gave them special instructions as to what would and what would not constitute insolvency, thus tending to impress upon their minds that it was the controlling and decisive question in the case.

It is not necessary to consider any of the other assignments of error, for, even if well taken, they are not of a character that are likely to be repeated on another trial.

Judgment reversed.