PABST BREWING COMPANY v. MARGUERITE M. SMALL.[1]

June 14, 1901.

Nos. 12,565—(39).

Ejectment against Executrix.

The right to take possession of the real estate of the testator by his executrix is conferred by G. S. 1894, § 4496; and, where the legal right to such possession is questioned, an action of ejectment may be maintained against such executrix.

Personal Claim.

The bringing of such an action against the executrix in her representative capacity does not necessarily involve a personal claim or cause of action against her.

Pleading.

Held, upon the allegations of the complaint in this action, that there

[1] Reported in 86 N. W. 450.

was no improper joinder of a cause of action against the executrix in her representative capacity with one against her in her individual capacity.

Action in the district court for Ramsey county against defendant, as executrix of the last will of Sigmund H. Small, deceased, to recover possession of real estate, and damages for the detention thereof. From an order, Kelly, J., overruling a demurrer to the complaint, defendant appealed. Affirmed.

*F. M. Catlin,* for appellant.

*John H. Ives,* for respondent.

LOVELY, J.

Plaintiff brings this action to recover a small portion of real property from defendant, as executrix of the estate of her late husband. The material allegations of the complaint are, substantially, that the testator was in possession of part of the corner of the first floor of a store building, holding the same under a lease from plaintiff, where he conducted his business; that he wrongfully encroached upon an additional portion of the premises, against the rights of plaintiff, and occupied the same at the time of his death, which possession has been retained by the executrix ever since. Judgment was asked for the recovery of the possession of the premises so encroached upon, and for damages. The defendant, as executrix, demurred to the complaint on the ground "that two separate causes of action are improperly united therein." The demurrer was overruled, from which order defendant appeals.

The contention of defendant is that the occupation of the premises by the testator, continued subsequently by defendant, was unlawful; hence that a cause of action accruing against testator in his lifetime is set forth in connection with a cause of action against defendant individually for her retention wrongfully of the same property after testator's death. But, clearly, this does not follow. She was sued as executrix, and a demand for judgment was made against her as such, but no demand for damages was made against her personally, and, if a cause of action is well pleaded against her as executrix, she could not be bound individ-

ually in the same action, and it is fairly inferable from the allegations of the complaint, taken in connection with the averments showing her relations to the estate which came into her possession as executrix, that she was holding the same in her representative capacity instead of in her own right after the death of her testator.

G. S. 1894, § 4496, provides that an executor shall have the right to possession of the real estate of the decedent. Section 255, Id., describes real estate as

"Lands, tenements, hereditaments, and all rights thereto and interests therein."

The testator's adverse possession as against plaintiff coming immediately into the hands of the executrix, she could not be required to deliver it up instantly, nor could she be required to immediately determine her rights to the possession thereof. Under a reasonable interpretation of this statute, she might retain the possession as executrix, and, if she did so in her representative capacity, an action might be maintained against her as executrix to obtain possession in view of her rights under the statute referred to. 1 Schouler, Pers. Prop. § 385; 7 Am. & Eng. Enc. 333. Besides, no claim is made against her personally. It is clear upon the face of the complaint that only one cause of action is set forth therein.

Order affirmed.