### JAMES E. CADY v. CHARLES CADY and Others.[1]

December 23, 1903.

Nos. 13,736—(147).

**Conversation with Deceased Person.**

The rulings of the trial court herein excluding evidence by a party to the action of conversations and admissions of a deceased party *held* correct.

**Evidence.**

The findings of the trial court to the effect that the plaintiff's father, at the time he made the deeds, bill of sale, and will here in controversy, was of sound mind, and that the instruments were executed without any undue influence are sustained by the evidence.

Appeal by plaintiff from an order of the district court for Steele county, Buckham, J., denying a motion for a new trial. Affirmed.

*S. T. Littleton* and *George N. Baxter,* for appellant.

*Sawyer & Sperry* and *J. A. Sawyer,* for respondents.

START, C. J.

This is an action by a son and heir at law of Edgar Cady, deceased, against the other heirs at law, to set aside certain deeds, bill of sale, will and probate thereof, of the deceased, on the ground of his mental incapacity, and, further, that they were obtained by undue influence.

The trial court found that Edgar Cady was, at the time of the execution of the deeds, bill of sale, and will, more than eighty years old, but of sound mind, and that he understood the nature of the business he was transacting; that the deeds, bill of sale, and will all constituted parts of one single transaction, by and through which Edgar Cady

[1]Reported in 97 N. W. 580.

intended to, and did, provide for the distribution of all his property and effects among the various members of his family; and, further, that none of the instruments mentioned was procured to be executed by the undue influence of the defendants, or either of them, but they were each executed by Edgar Cady of his own free will. As a conclusion of law, the court found that each of the instruments was valid, and directed judgment for the defendants on the merits.

The plaintiff appealed from an order denying his motion for a new trial. His first and second assignments of errors relate to the rulings of the trial court in rejecting certain evidence offered by him. Only two of the rulings were excepted to on the trial, and the only specification of error of law on the motion for a new trial was the general one, "Errors of law occurring at the trial, and excepted to by the plaintiff." The plaintiff is, then, limited to the two rulings of the court to which he excepted on the trial. Cappis v. Wiedemann, 86 Minn. 156, 90 N. W. 368; Olson v. Berg, 87 Minn. 277, 91 N. W. 1103.

The assignment of error as to the first of the rulings is that the court erred "in excluding evidence of Edgar Cady's talk and conversation." There is no assignment as to any ruling excluding the acts of the deceased. It was proposed to prove the "talk and conversation" of the deceased by one of the defendants who was directly interested in the result of the action, and for this reason the evidence was properly excluded. Even if the assignment be construed as relating to the acts of the deceased, still, the error, if any, was harmless, for the trial court afterward permitted the plaintiff to show both the acts and conversation of the deceased relating to the same transaction, and the evidence was uncontradicted.

The second of the rulings refers to the action of the trial court in striking out a portion of the testimony of one of the defendants, who was the wife of the defendant Hobart Cady, a son of the deceased, and whose interests in the result of the action seem to have been adverse to the interests of the other defendants. The testimony referred to is this:

> "Well, along in August the old gentleman came down to our place, and he wanted my husband to go out to the farm and get a load of oats. My husband asked him what he thought now about buying the farm, and he told him that he hadn't got a

chance yet to sell the house, and he says: 'Well,' he says, 'I won't sell the farm now. Harriet has been down from Dakota, and she has got me to promise her not to sell the property to anybody, but to keep it and give it to my children that have children, and then it will come to my grandchildren.' "

This testimony was stricken out by the court, the plaintiff excepting. The plaintiff urges that the testimony is not within the prohibition of the statute; citing In re Brown, 38 Minn. 112, 35 N. W. 726, and Newstrom v. St. Paul & D. R. Co., 61 Minn. 78, 63 N. W. 253. The first of the cases cited holds that the evidence of the acts of the deceased is not prohibited. The other case does not seem to be in point. We infer from this that the claim of the plaintiff is that the excluded testimony related to the acts of the deceased. Clearly this is not so, and that the testimony was within the prohibition, for all of it which had any relevancy to the issues were conversations and oral admissions of the deceased.

It is also urged that the findings of fact of the trial court are not sustained by the evidence. We have attentively examined the records, and have reached the conclusion that the findings are so clearly sustained by the evidence that a discussion of that question is unnecessary. The evidence in support of the findings is so full and complete that it is doubtful if findings in favor of the plaintiff could have been sustained.

The last claim urged by the plaintiff meriting consideration is that the court erred in not finding and deciding that the bill of sale of the personal property was a gift made in expectation of death, and revoked. It does not appear from the record that the trial court was ever asked to so find, but, this aside, there was no error in not so finding, for the evidence did not require it as a matter of law.

Order affirmed.