Argued 5 January, decided 1 February, 1904.

**LADD *v.* MILLS.**

[75 Pac. 141.]

QUIETING TITLE—SUFFICIENCY OF EVIDENCE.

1. In a suit by an administrator to determine an adverse claim to real estate in his possession as a part of his intestate's estate, a deed, regular in form, from the administrator of an intestate whom the answer alleged was the original owner of the property, made to plaintiff as administrator, and purporting to be in lieu of a deed formerly executed and delivered to plaintiff's intestate in his lifetime, but lost before being recorded, is sufficient evidence of title as against defendant, who does not contend that the title held by him is valid.

WHO MAY SUE TO QUIET TITLE.

2. Any person having a substantial interest in or claim to a piece of real property, though not the legal title, may maintain a suit to determine an adverse claim thereto under B. & C. Comp. § 516. For instance, an administrator, who un-

der our statutes is entitled to the possession of the realty of the deceased, and the rents and profits thereof, for the purposes of administration, has such an interest as entitles him to sue under that section: *King* v. *Boyd*, 4 Or. 326, distinguished.

From Douglas: JAMES W. HAMILTON, Judge.

This suit was brought by William M. Ladd, as administrator of the estate of A. H. Johnson, deceased, against W. L. B. Mills to determine an adverse claim to real estate. The complaint alleges that Johnson became the owner of the property on November 3, 1890, and, while the owner, died intestate; that the plaintiff was duly appointed his administrator, and ever since his appointment has been in the exclusive possession of the property; that Johnson's estate is insolvent, and that it will be necessary to sell the property to satisfy the claims againt it; that on April 16, 1898, a pretended sale of the property was made for delinquent taxes assessed against the Bonanza Quicksilver Mining Company, which was not, and never had been, the owner, and the defendant became the purchaser at such sale, and afterward received a tax deed; that the assessment and sale were void for divers reasons sets out in the complaint. The answer denies, on information and belief, the material allegations of the complaint, and set up some affirmative matters not necessary to a decision of this case. The decree of the court below was in favor of the plaintiff, and defendant appeals.          AFFIRMED.

For appellant there was a brief over the names of *Thomas M. Osmont* and *Dexter Rice*, with an oral argument by *Mr. Rice*.

For respondent there was a brief and an oral argument by *Mr. Oliver P. Coshow*.

MR. JUSTICE BEAN, after stating the facts in the foregoing terms, delivered the opinion of the court.

Defendant does not contend that the tax title held by him is valid, but his position is (1) that there is no legal

44 OR.——15

evidence that the plaintiff or Johnson's estate is the owner of the property in controversy; and (2) that the plaintiff has no capacity to maintain this suit.

1. The answer alleges that one James Chenoweth was the original owner of the property. At the trial there was offered and admitted in evidence a deed, regular in form, from the administrator of Chenoweth's estate to the plaintiff as administrator of the Johnson estate, purporting to have been made in lieu of a deed formerly executed and delivered by the former to Johnson in his lifetime, but lost before being recorded. This was sufficient evidence of title as against the defendant.

2. The statute provides: "Any person claiming an interest or estate in real estate not in the actual possession of another may maintain a suit in equity against another who claims an interest or estate therein adverse to him, for the purpose of determining such conflicting or adverse claims, interests, or estates": B. & C. Comp. § 516. Under this provision, it is not necessary that the plaintiff have the legal title before he can maintain a suit to determine an adverse claim to real estate. If he has any substantial interest in or claim to the property, and another asserts an estate or interest therein adverse to him, he is entitled to proceed under the statute. An administrator, in this State, has no legal title to the real property of his decedent; but he is entitled to its possession and control and to receive the rents and profits thereof until his administration is completed, or the same is surrendered to the heirs by order of the court or judge thereof: B. & C. Comp. § 1147. He therefore has such an interest as permits him to maintain a suit under the statute, especially where the estate is insolvent, and it is necessary to sell or dispose of the real property for the purpose of satisfying claims. This is the interpretation given to a similar statute by the Supreme Court of California in *Pennie* v. *Hildreth*, 81 Cal.

127 (22 Pac. 398), and is in harmony with its letter and spirit. See, also, *Laverty* v. *Sexton*, 41 Iowa, 435. The statute has been amended since the decrees in *King* .v. *Boyd*, 4 Or. 326, and *Stark* v. *Starr*, 73 U. S. (6 Wall.) 402, 925, although there is nothing in either of them necessarily contrary to the doctrine above announced. The former was a suit by an administrator, brought without leave of the court, to set aside an alleged fraudulent conveyance made by his intestate during his lifetime. What is said in the opinion about the right of an administrator to bring suit to remove a cloud from title was by way of argument, and would seem to recognize his right to do so under the statute as it then stood, if the estate was insolvent. In *Stark* v. *Starr* the holding was simply that a mere naked possession, without more, was not enough. The decree of the court below is affirmed.                    AFFIRMED.

---

Decided 11 January, rehearing denied 1 March, 1904.