OWEN QUINN v. MINNEAPOLIS THRESHING MACHINE COMPANY.[1]

November 15, 1907.

Nos. 15,176—(54).

**Fraudulent Conveyance—Evidence.**

Action to determine adverse claims to land. It was brought by plaintiff's intestate, and after issue joined and before trial she died. The plaintiff, on his own motion, the defendant opposing, was by order of the court substituted, as administrator of her estate, as plaintiff, and authorized to prosecute the action. The trial resulted in a judgment for the defendant to the effect that the conveyance of the land to plaintiff's intestate from her husband, by virtue of which she claimed the land, was fraudulent as to the defendant, a creditor of the husband. The administrator appealed. *Held:*

1. That an appellant cannot urge error in a ruling or decision which he invited or procured to be made, and therefore the appellant cannot ques-

---

[1] Reported in 113 N. W. 689.

tion the validity of the order of the court substituting him as plaintiff herein.

2. The fact that the grantor was solvent when the conveyance was made was an important item of evidence on the question whether the deed was fraudulent; but it was by no means conclusive.

3. The findings of the trial court are sustained by the evidence.

Action in the district court for Meeker county to determine adverse claims to real estate. The case was tried before Powers, J., who made findings of fact and as conclusion of law found that defendant was the owner of the land subject to plaintiff's right of redemption. From the judgment entered in pursuance of the findings, plaintiff appealed. Affirmed.

*M. C. Brady, H. S. McMonagle,* and *John J. McHale,* for appellant.
*W. A. McDowell* and *Lewis E. Jones,* for respondent.

START, C. J.

This action was commenced in the district court of the county of Meeker by Charlotte A. Quinn, as plaintiff, against the Minneapolis Threshing Machine Company, to determine adverse claims to real estate. After issue was joined, and before the trial of the action, the plaintiff died intestate, and the administrator of her estate, Owen Quinn, the present plaintiff, by order of the court made upon his motion, the defendant opposing, was substituted as plaintiff in this action in place of the original plaintiff and authorized to prosecute the action as such administrator. In his supplemental complaint the administrator alleged that he was in the exclusive possession of the land.

The cause was tried by the court without a jury, the plaintiff appearing and taking part therein, and thereupon the court made findings of fact and conclusions of law to the effect following: The original plaintiff, Charlotte A. Quinn, and John Quinn, were husband and wife, and on November 29, 1902, he owned the land in question, and they conveyed it by quitclaim deed to his sister, Rosa A. Johnson, who at the same time and as a part of the same transaction conveyed the land to Mrs. Quinn. Each of the conveyances were made without consideration and with the intent of all the parties thereto to hinder and defraud the defendant, who was then a creditor of John Quinn

102 M.—17

to the amount of $1,005 for a threshing rig purchased by him of it in August, 1902. The defendant recovered, in the district court of Meeker county, judgment against John Quinn, which was duly docketed in the proper county on October 14, 1903, for a part of such indebtedness. Execution was duly issued thereon, and the land by virtue thereof was duly sold to the defendant for the sum of $443.45 on January 25, 1904. On October 28, 1903, John Quinn filed his petition in bankruptcy in the proper court, was adjudged a bankrupt, and thereafter, and on December 26, 1903, he was discharged by order of the court from all of his provable debts and claims which existed at the date of filing his petition. He was not insolvent until October 28, 1903. The court found as conclusions of law that the discharge in bankruptcy of John Quinn did not discharge the lien of the defendant's judgment, that the defendant is the owner of the land subject to the plaintiff's right of redemption from the execution sale, and that judgment be entered accordingly. It was so entered, and the plaintiff appealed from the judgment.

The plaintiff here urges two general propositions: (a) That the trial court had no jurisdiction to substitute the appellant as plaintiff in place of his intestate, or to make findings of fact or order for judgment or grant the defendant affirmative relief. (b) The findings of fact are not sustained by the evidence.

1. There is no merit in the appellant's first claim. The appellant, as administrator, was in possession of the land and on his own motion, but against the objection of the defendant, he was substituted as plaintiff in the action, and prosecuted it to judgment, and thereby compelled the defendant to engage in expensive litigation with him. Now, because the result was unfavorable to him, he faces about and claims that the whole litigation was a moot case. This he cannot do, if the court had, or under any state of facts might have had, jurisdiction of the subject-matter of the action and of the parties; for a party cannot be heard to allege, on appeal, error in the decision or ruling of the trial court which he invited or procured to be made. 2 Enc. Pl. & Pr. 519; 2 Cyc. 650. The court had jurisdiction of the subject-matter of the action and of the parties. The plaintiff, as administrator,

was substituted as plaintiff in place of the deceased plaintiff, and he was not only a proper, but a necessary, party, for he was in the exclusive possession of the land. Paine v. First Div. St. P. & Pac. R. Co., 14 Minn. 49 (65) ; G. S. 1894, § 4497; R. L. 1905, § 3705. Whether it was necessary, in order to bind the heirs at law by the judgment, to make them also parties to the action, is a question not involved in this appeal, and we do not consider it.

2. The assignments of error relating to the findings of fact made by the trial court are to the effect that the findings therein referred to are not supported by the evidence. If the finding that the conveyance of the land to Charlotte A. Quinn by her husband, John Quinn, through the instrumentality of Rosa A. Johnson, was made with the intent to defraud his creditors, of whom the defendant then was one, is sustained by the evidence, it follows that the other findings complained of are also sustained by the evidence. The pivotal question, then, is whether the finding as to the fraudulent character of the conveyance is sustained by the evidence.

Counsel for appellant, in discussing this question, attaches controlling importance to the fact that the grantor, John Quinn, was solvent at the time the land was transferred to his wife. Whether he was then solvent or insolvent was an important item of evidence, for a solvent debtor is less likely to make a fraudulent disposition of his property than an insolvent one. Such evidence, however, is by no means conclusive. Walkow v. Kingsley, 45 Minn. 283, 47 N. W. 807.

The evidence fully sustains the conclusion that the deed of the land from John Quinn and wife to his sister and the deed from her to Mrs. Quinn were one transaction, the purpose of which was to transfer the title of the land from the husband to his wife. The plaintiff, as the representative of the wife, made no attempt at any time on the trial to show the bona fides of the transaction, but rested his case solely upon the deeds in question. The statute charged Mrs. Quinn with notice of her husband's debts. G. S. 1894, § 5534; R. L. 1905, § 3609. The defendant introduced evidence tending to show that the deeds were without consideration and fraudulent. The plaintiff called John Quinn, the grantor, in rebuttal, and examined him with reference to his bank-

ruptcy; but he was not examined as to the transaction here in question, and he gave no testimony whatever touching the matter. Upon the whole record we are of the opinion, and so hold, that the finding of the trial court, to the effect that the conveyance from Quinn to his wife was made to defraud creditors, is amply sustained by the evidence. See Minneapolis Stockyards & Packing Co. v. Halonen, 56 Minn. 469, 57 N. W. 1135, and Shea v. Hynes, 89 Minn. 423, 95 N. W. 214.

Judgment affirmed.