## BERRY v. HOWARD et al.

Under the statute passing to the personal representative of a decedent the right of possession of his real estate for the purpose of administration, an allegation in an action to quiet title by an administrator that defendants claimed adversely to the heirs of his intestate is equivalent to an allegation of a claim adverse to the administrator and is a sufficient pleading of such adverse claim, notwithstanding there is no direct allegation of a claim adverse to the plaintiff as administrator.

An administrator has an interest in decedent's real estate within Code Civ. Proc. § 675, authorizing an action by any person against another claiming an interest in real estate adverse to him, and, if another is asserting a claim adversely to such interest, he may maintain an action.

(Opinion filed, June 27, 1910.)

An appeal from Circuit Court, Brown County. Hon. FRANK McNULTY, Judge.

Action by Albert Berry, administrator of the estate of Eberhart Thompson, deceased, against Chas. A. Howard and another. From an order overruling a demurrer to the complaint, defendants appeal. Affirmed.

*Taubman* & *Williamson*, for appellants. *Hazle* & *Huntington*, for respondent.

WHITING, P. J. This action was brought by the plaintiff, the administrator of the estate of one Thompson, to quiet title to certain lands as against the claims of the defendant. The complaint sets forth the title of Thompson; that at the time of death

he was the owner in fee simple and in possession of the lands in question; that plaintiff had been appointed and was at the time of bringing the action the duly qualified and acting administrator of the estate of said Thompson; that the lands in question were in the possession of the plaintiff; that the plaintiff claimed the fee-simple title to said lands to be in the heirs of Thompson; that the defendants claim an estate or interest therein adverse to the said title of such heirs; that said claim of defendants is without right; that said defendants have no right, title, or interest in said premises or any part thereof. The complaint prays that defendants be required to set forth the nature of their claims, and that decree issue adjudging that they have no estate or interest in said lands, and that the title of said heirs is good and valid. To this complaint the defendants demurred, and for grounds of demurrer allege: First, that the plaintiff has no legal capacity to sue; second, that there is a defect of parties plaintiff; third, that the complaint does not state facts sufficient to constitute a cause of action. This demurrer was overruled, and it is from the said order of the trial court overruling such demurrer that the defendants have appealed to this court.

Appellants contend that the complaint is insufficient under chapter 29, § 675, Rev. Code Civ. Proc., which provides: "An action may be brought by any person against another who claims any estate or interest in real property adverse to him, for the purpose of determining such adverse claim"—it being the claim of appellants that there is no allegation to the effect that defendants claim any estate or interest adverse to the plaintiff. It will be noticed from the summary of the complaint given above that there was no direct allegation that defendants claimed an interest adverse to the plaintiff; the allegation of said complaint being that the defendants claim an estate or interest adverse to the title which plaintiff alleged had passed to the heirs of said Thompson. Under the statutes of this state, the right of possession of all real estate passes, upon death of the owner, to his personal representative for the purposes of administration, and during the course of administration is under the control of such representative. We think that under such a statute, such represen-

tative, as the trustee of such estate, clearly has such an interest in the real estate as entitles him to bring an action to quiet the title thereto, which said interest is acquired by the representative under and by virtue of his becoming such representative, and when, as in this case, there is an allegation that the plaintiff has been appointed administrator, and it further appears that the land in question was property of and in possession of the deceased at the time of his death, and it is alleged that such title has vested in the heirs, and furthermore that defendants are claiming rights adverse to such title in the heirs, while there is no direct allegation of a claim adverse to the interests of the plaintiff as administrator, yet the allegation of a claim adverse to the heirs is the equivalent of an allegation of a claim adverse to the administrator and is sufficient as a pleading of such adverse claim.

It is also contended by the appellants that the plaintiff, as administrator, has no authority to bring an action to quiet title to real estate. Under the statutes of some states, it is expressly provided that the party bringing an action to quiet title must be one who is possessed of some right, title, interest, or lien in, to, or against the premises in question. Under the section of our Code above quoted, it will be seen that no such limitation is made by the express language of the statute, yet we are inclined to think that such an action can only be brought by a party having some right or interest in or to the property. In addition to what we have above stated in relation to the interest of an administrator in and to the real estate of his intestate, we would cite the holding of the North Dakota Supreme Court in the case of Blakemore et al. v. Roberts, 12 N. D. 394, 96 N. W. 1029, wherein is found an exhaustive consideration of this question, and in which case reference is made to the statutes of that state, which statutes, while not worded exactly the same as the corresponding statutes of this state, yet are the same in substance. We also cite the case of Ladd v. Mills, 44 Or. 224, 75 Pac. 141, and call especial attention to the case of Pennie v. Hildreth, 81 Cal. 127, 22 Pac. 398, wherein the court used the following language: "The first point made by the appellant is that an action to quiet title to real estate

cannot be maintained by an administrator, for the reason that he has no title to the property, conceding title in the decedent at the time of his death. If it be conceded that, in order to maintain an action of this kind, the party bringing the action must have title in the property, the argument would have much force. But we do not understand this to be so. The Code provides: 'An action may be brought by any person against another, who claims an estate or interest in real property adverse to him, for the purpose of determining such adverse claim.' Code Civ. Proc. § 738. The letter of this section would authorize any person to maintain the action whether he himself had any interest in the property or not. We are not, however, inclined to give this broad construction. But it is clearly not necessary that he have title to the property. If he has the right to possession, and another is claiming an estate or interest adverse to such right, he may maintain the action. The language of the Code is broad enough to cover every interest or estate in lands of which the law takes cognizance. Pierce v. Felter, 53 Cal. 18; Stoddart v. Burge, Id. 398; Smith v. Brannan, 13 Cal. 107; Leibrand v. Otto, 56 Cal. 247. An administrator has an interest in the decedent's real estate, within the meaning of this statute, and, if another is asserting a claim adversely to such interest, he may maintain the action. Code Civ. Proc. § 1452; Curtis v. Sutter, 15 Cal. 259, 264." It is the claim of appellants that this California case has been reversed by the later case of Collins v. O'Laverty, 136 Cal. 31, 68 Pac. 327, but a careful reading of such case will show that it fully sustains the earlier case.

It thus appears clearly that the administrator, as such, has a right to bring this action. This being true, the first two grounds of demurrer were not well taken. The allegation of the complaint to the effect that the defendants claim title adverse to the heirs being equivalent to an allegation that the defendants are claiming title adverse to the interests of the plaintiff in said lands and the other allegation of the complaint being concededly ample, the third ground for demurrer was properly overruled.

For the above reasons, the order of the trial court overruling the demurrer herein is in all things affirmed.