# C. M. WHEELER v. HENRY McKEON AND OTHERS.[1]

## June 1, 1917.

## Nos. 20,245—(81).

**Executor and administrator — action to set aside sale by incompetent decedent.**

1. The personal representative of a decedent can maintain an action to set aside the decedent's contract of sale of real property upon the ground of mental incompetency.

**Evidence of mental incompetency.**

2. The evidence sustains a finding that the plaintiff was mentally incompetent at the time of the execution of the contract of sale involved.

**Conversation with decedent — strict construction of statute.**

3. Persons interested in the event of such an action may testify as to conversations and declarations of the deceased, in the nature of verbal acts, tending to show loss of memory, a wandering mind and delusions, as bearing upon the question of competency, and the court properly admitted such testimony. The statute (G. S. 1913, § 8378), which forbids the giving in evidence by a person interested in the event of the action of conversations with or admissions of deceased persons, is in the nature of an exception to the general rule that interested persons are competent witnesses, and must be construed strictly.

**Evidence improperly excluded.**

4. The business acts of a party whose competency is in question, and declarations and conversations about the time, when they tend to show his comprehension of affairs, are admissible; and testimony of this character was erroneously excluded.

**Contract of sale — reformation — finding set aside.**

5. The plaintiff claimed that the contract of sale was too indefinite for enforcement, and the defendants claimed that the agreement was in fact definite and certain, and that whatever uncertainty existed resulted from mistake in framing the written contract and that it should be reformed. The court found with the plaintiff and against the defendants. In view of the error in excluding testimony bearing upon the question of competency the finding is not sustained.

[1]Reported in 162 N. W. 1070.

Action in the district court for Pipestone county by the administrator of the estate of Catharine Grover, deceased, to cancel a land contract. The case was tried before Nelson, J., and a jury which returned a negative answer to the question: "At the time of making the contract, plaintiff's Exhibit H, was Catharine Grover mentally competent to make the same and of understanding the same?" and stated $24,960 to be the fair market value of the land described in the Exhibit, and $800 to be the reasonable value of the improvements made by defendants on the lands described. The trial judge made findings and ordered judgment in favor of plaintiff, provided he paid defendant the sum of $1,242.50 before entry of judgment. From an order denying their motion for a new trial, defendants appealed. Reversed.

*Howard & Gurley* and *C. H. Christopherson,* for appellants.

*Morris Evans* and *Bryson & Bryson,* for respondent.

DIBELL, C.

Action to set aside a contract for the sale of land upon the ground of the mental incompetency of the vendor. The issue of mental incompetency was submitted to the jury which found the vendor incompetent. There were findings for the plaintiff in accordance with the finding of the jury. In the complaint it was alleged that the contract was too indefinite for enforcement. The defendants claimed that the agreement for the sale was definite and certain, and that, if there was any indefiniteness in the written contract, it was because it by mistake failed to state the actual agreement and that it should be reformed. The court found for the plaintiff and against the defendants upon this issue. The defendants appeal from the order denying their motion for a new trial.

1. The action was brought in behalf of Catharine Grover, an incompetent, by her guardian. Mrs. Grover died pending trial, and the plaintiff was appointed administrator and was substituted as plaintiff. The point is made that the plaintiff cannot maintain this action, but that it should be maintained by the heirs who succeeded to Mrs. Grover's property upon her death. No objection was made by plea or otherwise prior to the trial. Conceding, but not holding, that the objection may be first made at the trial, it is not well taken. By statute the adminis-

trator is entitled to the possession and to the rents and profits of the real estate of the decedent and "may himself, or jointly with the heirs or devisees, maintain an action for the possession of the real estate or to quiet title to the same." G. S. 1913, § 7296. The authorities upon the general question of the right of the personal representative to maintain an action to quiet title are not in harmony, but under similar statutes the usual holding favors the right. Collins v. O'Laverty, 136 Cal. 31, 68 Pac. 327; Blakemore v. Roberts, 12 N. D. 394, 96 N. W. 1029; Munger v. Doolan, 75 Conn. 656, 55 Atl. 169; Ladd v. Mills, 44 Ore. 224, 75 Pac. 141; Laverty v. Sexton & Son, 41 Iowa, 435; In re Higgins' Estate, 15 Mont. 474, 39 Pac. 506, 28 L.R.A. 116. And see Eyre v. City of Faribault, 121 Minn. 233, 141 N. W. 170, L.R.A. 1917A, 685; Quinn v. Minneapolis T. M. Co. 102 Minn. 256, 113 N. W. 689; Pabst Brewing Co. v. Small, 83 Minn. 445, 86 N. W. 450.

2. Something more than a year prior to the making of the contract Mrs. Grover sustained an injury to her head through a fall. After that she failed. A number of people, familiar with her in her daily life, testified as to her acts, declarations and conduct and gave their opinion, based upon such facts, that she was not of contractual capacity. Her attending physician gave it as his opinion that she was suffering from senile dementia and that she died from it. She was 78 years of age. The contract was made August 18, 1915, and she died on March 8, 1916. The evidence of incompetency was seriously controverted and is not at all conclusive, but it supports the finding of the jury.

3. Mrs. Grover's sons, who were interested in the event of the action, were permitted to testify to her conversations, which indicated a loss of memory, a wandering mind and delusions. These conversations were not in connection with the execution of the contract. Objection was made to them as in violation of G. S. 1913, § 8378, which forbids a party to an action or one interested in the event thereof "to give evidence therein of or concerning any conversation with, or admission of, a deceased or insane party or person relative to any matter at issue between the parties," etc. In In re Brown, 38 Minn. 112, 35 N. W. 726, it was held that conversations of a party since deceased might be given in evidence by those interested in the action without a violation of the statute when they were in the nature of verbal acts and bore upon the

question of mental competency. The authorities throughout the country are not in harmony. The statutes so differ that a decision in one jurisdiction may not be persuasive in another. The case cited is sufficiently supported. Cato v. Hunt, 112 Ga. 139, 37 S. E. 183; Kostelecky v. Scherhart, 99 Iowa, 120, 61 N. W. 591; Smith v. Guerre (Tex. Civ. App.) 159 S. W. 417; Grimshaw v. Kent, 67 Kan. 463, 73 Pac. 92; Lamb v. Lamb, 105 Ind. 456, 5 N. E. 171; Williams' Exr. v. Williams, 90 Ky. 28, 13 S. W. 250; Ducker v. Whitson, 112 N. C. 44, 16 S. E. 854. Nothing said or decided in Cady v. Cady, 91 Minn. 137, 97 N. W. 580, impairs its force. The statute is in the nature of an exception to the general rule that witnesses are not disqualified by interest and is strictly construed. Chadwick v. Cornish, 26 Minn. 28, 1 N. W. 55; In re Brown, 38 Minn. 112, 35 N. W. 726; Finn v. Modern Brotherhood of America, 118 Minn. 307, 136 N. W. 850; Ikenberry v. New York Life Ins. Co. 127 Minn. 215, 149 N. W. 292; Bowler v. Fahey, 136 Minn. 408, 162 N. W. 515.

4. The defendants sought to show that the deceased talked intelligently about her property and knew the condition of it at the time of the making of the contract—in short that she comprehended business affairs at the time. Evidence of this kind was excluded and we think erroneously. The business acts of a party, whose competency is in question, and his declarations made about the time of the transaction, tending to show his comprehension of business affairs, are admissible. Woodcock v. Johnson, 36 Minn. 217, 30 N. W. 894; In re Pinney's Will, 27 Minn. 280, 6 N. W. 791, 7 N. W. 144; Hammond v. Dike, 42 Minn. 273, 44 N. W. 61, 18 Am. St. 503; 1 Wigmore, Evidence, § 229. Evidence should have been admitted of all acts, declarations and conversation of the deceased at or about the time of the execution of the contract, tending to show that she comprehended its significance.

5. The plaintiff claims that the contract was too indefinite for enforcement. The defendants claim that the agreement was certain, and that if the written contract is indefinite it should be reformed. The plaintiff claims that there was in fact no sufficiently definite agreement. The court found with the plaintiff, and he now claims that such finding determines the case in his favor regardless of other questions.

Two written contracts were executed. The first one was indefinite.

The next day, apparently to make a slight change in a payment, another was executed. It was not much better. However, if it be assumed that Mrs. Grover was of contractual capacity, and appreciated the natural import of the words used, the evidence leaves little doubt as to the actual agreement. A finding that the deceased was mentally competent would bear very directly upon the one under immediate consideration. In view of the error, referred to in the preceding paragraph, in excluding evidence bearing upon competency, the finding that the parties were not at an actual agreement when the written contract was executed should not be sustained. Whether it would be sustained if there were a finding of mental competency we need not consider.

We have referred to all questions determinative of the result or likely to be important upon a new trial. In view of the new trial it is proper to say that considerable liberality should be allowed in the introduction of evidence upon the issue of incompetency. The issues were submitted to the jury in a very clear charge, and the new trial is limited to the issues mentioned in the fourth and fifth paragraphs of this opinion.

Order reversed.