RICHARD CHAPEL AND OTHERS v. THOMAS CHAPEL AND OTHERS.[1]

July 13, 1917.

Nos. 20,229—(67).

**Witness — conversation with deceased — issue of testamentary capacity.**

1. Following In re Brown, 38 Minn. 112, and Wheeler v. McKeon, supra, page 92, 162 N. W. 1070, it is *held* that G. S. 1913, § 8378, prohibiting parties and interested persons from testifying to conversations with or admissions of persons since deceased relative to any matter at issue, does not make interested witnesses incompetent to testify to conversations with a testator since deceased, when the issue is testamentary capacity and the object is to lay a foundation for opinions of the witnesses. The error in excluding this testimony justified the granting of a new trial.

**Exclusion of evidence — new trial.**

2. Had the testimony so erroneously excluded been received, we are unable to say that the evidence would not justify a verdict finding want of testamentary capacity.

In the matter of the estate of Julia Chapel, deceased, Richard Chapel, Benjamin Chapel, James Chapel, W. H. Chapel and Anna Bank, filed objections in the probate court for Houston county to the allowance of her will, and from the order of the probate court admitting the will to probate appealed to the district court for that county. The appeal was heard before Kingsley, J., and a jury which answered in the affirmative the question: "Was Julia Chapel, at the time of the execution of the instrument herein offered as her last will and testament, of sufficient mental capacity to make said last will and testament?" and in the

[1]Reported in 163 N. W. 771.

negative the question: "Was the execution of said instrument by said Julia Chapel procured by the fraud and undue influence of the proponents herein, or either of them?" From an order granting the motion of contestants for a new trial Catherwood, J., Thomas Chapel and Jessie Gordon, proponents, and Lester Murray, as administrator of the estate of Mabel Murray, decedent, appealed. Affirmed.

*Edward Lees* and *Lees & Bunge,* for appellants.

*Duxbury & Duxbury,* for respondents.

BUNN, J.

Julia Chapel, a resident of Houston county, died in February, 1914, at the age of 74. By her will, executed January 30, 1913, she gave nominal sums to her sons Richard, James, Benjamin and W. H. and to her daughter Anna Bank, and bequeathed the residue of her personal property, one-half to her son Thomas, and one-fourth each to her daughters Jessie Gordon and Mabel Murray. The property bequeathed was entirely personalty which had been left to Mrs. Chapel by the will of her husband, who died less than a year before she made her will. It amounted to a substantial sum, and was practically all given to the son and two daughters last named, the other sons and daughter being practically disinherited. They filed objections to the probate of the will, charging that testator was of unsound mind when it was made, and that the will was procured through fraud and undue influence on the part of the beneficiaries. The will was admitted to probate and contestants appealed to the district court. There the two issues raised by contestants were ordered submitted to a jury. After a trial, the jury determined both issues against the contestants, finding that testator was of sufficient mental capacity to make the will, and that its execution was not procured by fraud or undue influence. Contestants moved for a new trial. This motion was heard before the successor of the judge before whom the trial was, and granted. The order, by its terms, was based exclusively upon errors occurring at the trial. Proponents appealed to this court from the order granting a new trial.

Appellants ask for a reversal of the order appealed from upon two grounds: (1) There was no error on the trial; (2) if there was error,

it was not prejudicial, because on the evidence the verdict was right as a matter of law.

1. It is clear to us that there was error at the trial that was undoubtedly prejudicial to the case of contestants. One of the contestants, a son of testator, was called as a witness to give his opinion of her mental capacity. The court called attention to the well-known rule that a nonexpert, before he may give an opinion as to the mental capacity of another, must first state the facts upon which the opinion is based. But, when the witness was asked whether he had any talk with his mother about business matters shortly after her husband's death, the court sustained an objection to the question. Not only this, but the court informed counsel plainly and unmistakably that none of the contestants, sons and daughter of the testator would be permitted to give evidence as to what the testator said for the purpose of basing thereon, and on the evidence of her actions, an opinion as to her soundness of mind. The court further ruled that these witnesses could not give their opinions on this issue, unless they were based upon the testator's words as well as her actions.

These rulings were adhered to throughout the trial, with the result that contestants were not allowed to testify as to their mother's condition of mind because the necessary foundation had not been laid, and were prevented from laying such foundation by proving her spoken words. The theory of the court was that the admission of this evidence would be a violation of our statute (G. S. 1913, § 8378), forbidding parties and interested persons from testifying to conversations with or admissions of persons since deceased relative to any matter at issue. That this is not so was definitely held in the case of In re Brown, 38 Minn. 112, 35 N. W. 726, and again in the recent case of Wheeler v. McKeon, supra, page 92, 162 N. W. 1070. The error of the trial court in excluding this evidence is very plain, and was of such a serious character as not only to justify but to require the granting of a new trial.

2. It is impossible to sustain the contention that the order should be reversed because the evidence is conclusive that the testatrix had mental capacity to make a will. It is not necessary to say that the evidence in the record was sufficient to make this question for the jury or to justify a verdict finding want of testamentary capacity. Had the evidence which

we have held was erroneously excluded been received, we surely cannot say that a verdict for the contestants on this issue could not be sustained.

Order affirmed.