## LEIGH C. LAMOREAUX v. ARTHUR M. HIGGINS.[1]

June 3, 1927.

No. 26,087.

**Heirs bound by judgment in action by administrator authorized by statute.**
The judgment in an action brought by an administrator within the
scope of his statutory power is binding upon the heirs. Rule applied
where administrator sued one in possession of land for an accounting
of rents and profits and the defendant by cross-bill had a deed from
himself to the deceased declared a mortgage.

Executors and Administrators, 24 C. J. p. 131 n. 15; p. 133 n. 42; p. 134
n. 52; p. 135 n. 62; p. 137 n. 80; p. 893 n. 45.
Judgments, 34 C. J. p. 1036 n. 79.

Defendant appealed from a judgment of the district court for
Hennepin county, Guilford, J. Affirmed.
*Arthur M. Higgins* and *LeRoy Bowen,* for appellant.
*James A. Peterson,* for respondent.

STONE, J.
Action for damages for the wrongful refusal of an administrator
to satisfy a real estate mortgage. Defendant appeals from the
judgment.

The case is a sequel to Higgins v. Lamoreaux, 163 Minn. 242, 203
N. W. 961, and Lamoreaux v. Higgins, 166 Minn. 320, 207 N. W. 639.
The first action was one for an accounting for the rents and profits
of an apartment house property brought by the present defendant
as plaintiff in his character as special administrator. His claim was
that his decedent, Lowell A. Lamoreaux, owned an undivided half
of the property, and that the defendant, plaintiff here, in possession,
was appropriating to his own use all the income. The defense was
that the deed to the decedent of a moiety of the property was as
security for a debt and in consequence a mortgage. The judgment

[1]Reported in 214 N. W. 267.

was to that effect. In Lamoreaux v. Higgins, supra, it was held that because plaintiff, as administrator with the will annexed, prosecuted that action to final judgment he was bound by the result. The question now is whether the heirs are equally bound. It arises from the argument for defendant that, inasmuch as the heirs were not parties to the action in which the deed was adjudged a mortgage, they are not concluded by the judgment and accordingly the title is still in them.

If that argument is sound, it follows that a release or satisfaction from defendant alone would not have been of much avail to plaintiff and he suffered no substantial loss from the refusal of defendant to execute a formal discharge of the mortgage. It is true that the title of real estate vests in the heirs immediately upon the decease of the owner, intestate. Glencoe Ditching Co. v. Martin, 148 Minn. 176, 181 N. W. 108, following Noon v. Finnegan, 29 Minn. 418, 13 N. W. 197. If that fact retains all the effects it had at common law, the argument under consideration would be unanswerable. But it cannot control "statutes conferring on an executor or administrator control over, or possession of, the real property of decedent or capacity to sue or be sued in respect thereto." 34 C. J. 1036.

Our probate code (established by G. L. 1889, c. 46) provides one proceeding, in rem, the res being the entire estate of the decedent, real and personal, for both the administration and the distribution of that estate to those entitled thereto by law, creditors, heirs, legatees, or devisees. Dun. Pr. L. §§ 614 and 617, citing, inter alia, Morin v. St. P. M. & M. Ry. Co. 33 Minn. 176, 22 N. W. 251, and Culver v. Hardenbergh, 37 Minn. 225, 33 N. W. 792. Every administrator is entitled to the possession of the real as well as personal estate of the decedent which has not been set apart for the surviving spouse or children. G. S. 1923, § 8786. That right is not conditioned upon inadequacy of personal property to pay debts and expenses of administration. Moreover, the statute expressly *charges* the administrator "with all such property," entitles him to "the rents and profits" pending distribution, and requires him to keep in repair "houses, buildings, and fixtures." Finally, and most

significantly, he is authorized by himself "or jointly with the heirs or devisees, [to] maintain an action for the possession of the real estate or to quiet title to the same." (Not until the probate code of 1889 was the representative charged [§ 88] with real property and given expressly the rights of action concerning it [§ 90] just referred to.)

Acting within the scope of such powers and under such duties, whom and what interests and titles does the administrator represent? Certainly not creditors alone, for the powers given and duties imposed are without condition and frequently never needed or availed of for creditors. Eyre v. City of Faribault, 121 Minn. 233, 141 N. W. 170, L. R. A. 1917A, 685. So he is charged and must act for account of both creditors and heirs, and for the latter alone if the land is not needed to pay debts. The administrator's powers with respect to real estate having been substantially and significantly enlarged by statute, it is difficult to escape the conclusion that the extent to which heirs and devisees are bound by the exercise of those powers has been correspondingly increased.

An administrator or executor is the "minister or dispenser of the goods of the dead," proceeding exclusively *in auter droit*—in the right and title of his decedent. I Woerner, Adm. (3d ed.) § 174. Under the statute, he may assert in the manner stated that title in real estate. Necessarily his action is on behalf of those who are interested in and have that title—creditors first and then heirs and devisees. Without joining the latter he may sue to quiet title. But he cannot quiet title unless they are bound. So it is necessary to consider the judgment conclusive on them in order not to make absurd the statute giving the representative the right of action. If the heirs are not bound, the statute is worse than meaningless, for it authorizes sterile actions and barren judgments. All else aside, if the administrator's right to temporary possession is the only right to be protected, why, in addition to the possessory action, give him a futile one to quiet title? He himself has no title to quiet, so if he quiets any it must be that of the heirs.

We have held that the administrator can maintain an action to set aside upon the ground of mental incompetency the decedent's

contract of sale of land. Wheeler v. McKeon, 137 Minn. 92, 162 N. W. 1070, 1 A. L. R. 1514. And for the same reason, in Miller v. Hoberg, 22 Minn. 249, that in an action of ejectment by an administrator there was no defect of parties plaintiff because the heirs were not joined as such. Eyre v. City of Faribault, supra, is to the same effect. If the result of such an action is favorable, plainly it inures to the heirs and needs no further action by them for its confirmation. Conversely, an adverse judgment must bind the heirs, and the defendant not be put to the necessity of confirming it by an action and judgment against them. It was so held, rather precisely we think, in Connolly v. Connolly, 26 Minn. 350, 4 N. W. 233, where an administrator had sued to foreclose the defendants of their title in land. The heir was not a party, yet he was given the benefit of the favorable judgment, and one defendant who later took a contrary position was held bound. The court said [at p. 352]:

"The estoppel of a judgment must be mutual. If the administrator had authority to bring the action in behalf of the estate, it would follow that the estate would be bound by the judgment rendered therein; and if the estate was bound, all persons interested therein, including the heirs, would be bound also."

One of our cases does indicate a contrary conclusion—Watson v. C. M. & St. P. Ry. Co. 46 Minn. 321, 48 N. W. 1129. In ejectment by an administrator, it was there held that a deed from the decedent to the defendant ought to be reformed but could not be, in that action, for lack of "the necessary parties." "The owners of the land," the court said, "the heirs or devisees of Thompson, are not parties." That assertion constitutes the whole discussion. The then recent statutory change, which we consider controlling, was not referred to in either opinion or briefs.

Hill v. Townley, 45 Minn. 167, 47 N. W. 653, was an action to foreclose a mortgage. It was held that "the heirs are, in such case, necessary parties * * * but the administrator is not a necessary party thereto, though, by reason of his relation to the estate, he is a proper party." So far as the heirs were concerned, the rule applied was the elementary one that in an action to foreclose a mortgage,

all of the parties whose interests are subject thereto must be joined if their interests are to be foreclosed.

Quinn v. Minneapolis T. M. Co. 102 Minn. 256, 113 N. W. 689, was an action to determine adverse claims. After issue and before trial, the plaintiff died intestate. Her administrator was substituted, and it was held that "he was not only a proper, but a necessary, party." Whether it was necessary in order to bind the heirs to make them parties was not involved and not considered.

In Pabst Brg. Co. v. Small, 83 Minn. 445, 86 N. W. 450, it seems to have been assumed that where an executrix was sued in ejectment it was not necessary to join the devisees.

In Paine v. First Div. St. P. & P. R. Co. 14 Minn. 49 (65), it was held that an executor not in possession of real estate and without a license to sell could not maintain an action to remove a cloud. But that was in the absence of the statute empowering the administrator to quiet title.

Our conclusion is that when an administrator acts within his statutory power in suing to recover possession of real estate or to quiet title thereto or to assert any right therein, he is asserting the right and title of his decedent and represents the heirs, and that in consequence they are concluded by the judgment. We agree with the learned trial court that the heirs, through the administrator, may not seek to obtain relief and accept it if favorable to them and at the same time "deny the power of the court to determine anything unfavorable to them in the same action." That conclusion seems to have been reached wherever there has been a similar statutory enlargement of the scope of administration and the powers of the representative over real estate.

The rule was settled for California in Cunningham v. Ashley, 45 Cal. 485. "The principle of law upon which the estoppel rests" was well said to have "reference to the fact that in the former action the hostile titles were directly opposed before the Court * * * and that the superiority of the one over the other was ascertained and fixed by that judgment." That was because, necessarily, the administrator represented "the title which the deceased had at the time of his death." The case was followed in Jameson v. Goodwin,

43 Okla. 154, 141 Pac. 767, where, however, the statute was more explicit. See also Berry v. Howard, 26 S. D. 29, 127 N. W. 526, Ann. Cas. 1913A, 994; Blakemore v. Roberts, 12 N. D. 394, 96 N. W. 1029; Tillson v. Holloway, 90 Neb. 481, 134 N. W. 232, Ann. Cas. 1913B, 78; Ladd v. Mills, 44 Ore. 224, 75 Pac. 141; McFarland v. Stone, 17 Vt. 165, 44 Am. Dec. 325.

In the latter case a statute gave the right of action to the administrator "to the use of the devisees, heirs, or creditors, of such estate, as the case may be." That language, of course, made the statute extremely plain. But, notwithstanding, the quoted phrase seems surplusage, for unless restricted the power of the administrator to quiet title of real estate must be for the use of devisees, heirs or creditors. There are no others for whose benefit it can be exercised.

It is argued that the principle of this decision is one which may open the door for the perpetration of fraud on heirs or devisees by and through the representative. The danger, we think, is exaggerated, for heirs and devisees may appear, normally as of right, in any action prosecuted by the administrator concerning real estate. The guardians of minor heirs may also appear, and it may be good practice for probate courts to insist upon such appearance. Moreover, any judgment obtained against the representative alone and in fraud of heirs or devisees would be voidable in a suit by them for that purpose.

Judgment affirmed.